COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


RICARDO JUAREZ,

                           Appellant,

v.

TEXAS ASSOCIATION OF
SPORTING OFFICIALS EL PASO
CHAPTER, RUBEN ESPINOZA,
SHELDON WHEELER, DAN
McGLASSON, CHRIS GILMORE,
ROBERT HEMPHILL, AND EDGAR
DOMINGUEZ,

                            Appellees.

§

§

§

§

§


No. 08-04-00283-CV

Appeal from the

210th District Court

of El Paso County, Texas

(TC#2003-694)



O P I N I O N

           This is an appeal from the trial court’s entry of an Order of Dismissal based on a Rule
11 settlement agreement entered into by the parties. Appellant appeals contending that the
order should not have been entered without an evidentiary hearing on any motion or pleading
pending before the court. Appellees assert that the decision of the trial court was correctly
issued in light of the valid Rule 11 agreement existing among the parties and alternatively
that the case should be dismissed for lack of subject matter jurisdiction. Because we agree
that we do not have subject matter jurisdiction over this matter, we vacate the trial court’s
dismissal order and dismiss the case for want of jurisdiction.
                         I. FACTUAL AND PROCEDURAL BACKGROUND
           The substantive facts in this case are not disputed. Appellant Ricardo Juarez was the
executive secretary of the El Paso Chapter of the Texas Association of Sporting Officials, 
(“TASO”). TASO is a statewide organization which provides sporting officials to Texas
public schools to officiate various athletic activities through its local chapters. The El Paso 
chapter is governed by a board of directors and officers. The organization provides officials
to serve as referees at public school games, pursuant to an internal constitution and bylaws
that govern the qualifications, training, and assignment of its members to officiate games.            The underlying dispute among the parties arose over the allegations of wrongdoing
on the part of Appellant in connection with the assignment of Appellant to officiate at a
certain game as well as certain other complaints related to Appellant’s conduct as a member
of the organization. Pursuant to the bylaws and internal operating procedures of the
organization, the matter was set for a hearing on January 6, 2003 and a hearing was held. 
Mr. Juarez and his attorney appeared and participated in the proceedings. On January 8,
2003, the board of directors issued a Notice of Board Findings pursuant to the bylaws of the
organization and found a violation of the rules had occurred, suspending Appellant for a one-year period. The board also requested the Appellant comply with certain other requests, not
relevant here. The notice also informed Appellant of his right to appeal the “Chapter-level
decision” pursuant to the bylaws of the organization.
           Appellant filed suit against TASO and the individual members of the local board of
directors on February 21, 2003 alleging that the organization had violated his due process
rights and that the individuals had breached their fiduciary responsibilities to Appellant and
asserting a cause of action based upon a breach of contract theory. TASO filed a Motion to
Dismiss for Lack of Jurisdiction on the grounds that the internal disputes of a private
association are not subject to judicial review and that Appellant had failed to exhaust the
administrative remedies available to him. At a status conference held July 2, 2003, the
attorneys for both sides read a settlement agreement into the record. The agreement provided
that the parties agreed to submit the matter to binding arbitration and provided for dismissal
of the matter with prejudice.
           For reasons not clear from the record, the parties did not timely submit a written,
agreed order, disposing of the case, though the agreement was dictated to the court on the
record in compliance with Rule 11 of the Texas Rules of Civil Procedure. Further, the record
does not reflect whether the parties participated in the arbitration contemplated by the Rule
11 agreement. Included in the record is an Order of Dismissal signed by the Honorable
Gonzalo Garcia, judge presiding, stating an effective date of dismissal of the 2nd of July,
2003, but filed on the 9th of June, 2004. This Court, on its own motion, ordered clarification
of the record and was informed that the trial court signed the Order of Dismissal on June 1,
2004. This appeal follows.
II. SUBJECT MATTER JURISDICTION
           Subject matter jurisdiction is essential for a court to have authority to decide a case.
Texas Ass’n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). Subject
matter jurisdiction is never presumed, and it cannot be waived. Id. at 443-44. Because
subject matter jurisdiction is a question of law, our review is de novo. See Mayhew v. Town
of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).
           Subject matter jurisdiction is fundamental error and may be raised for the first time
on appeal. Grounds v. Tolar Indep. Sch. Dist., 707 S.W.2d 889, 893 (Tex. 1986); see Texas
Ass’n of Business, 852 S.W.2d at 445; Dallas County Appraisal Dist. v. Funds Recovery,
Inc., 887 S.W.2d 465, 468 (Tex. App.--Dallas 1994, writ denied). We must inquire into our
own jurisdiction, even if it is necessary to do so sua sponte. Dallas County Appraisal Dist.,
887 S.W.2d at 468; White v. Schiwetz, 793 S.W.2d 278, 281 (Tex. App.--Corpus Christi
1990, no writ). Appellate court jurisdiction of the merits of a case extends no further than
that of the court from which the appeal is taken. Pearson v. State, 159 Tex. 66, 315 S.W.2d
935, 938 (1958); Ward v. Malone, 115 S.W.3d 267, 269 (Tex. App.--Corpus Christi 2003,
pet. denied); Dallas County Appraisal Dist., 887 S.W.2d at 468.
           If the trial court lacked jurisdiction, then an appellate court only has jurisdiction to set
the judgment aside and dismiss the cause. Dallas County Appraisal Dist., 887 S.W.2d at
468; see State ex rel. Kelly v. Baker, 580 S.W.2d 611, 612-13 (Tex. Civ. App.--Amarillo
1979, no writ); see also Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823, 827 (1961).
A. Standard of Review
           Our standard for reviewing subject matter jurisdiction requires the pleader to allege
facts that affirmatively demonstrate the trial court’s jurisdiction to hear the cause. Dallas
County Appraisal Dist., 887 S.W.2d at 469; Texas Ass’n of Business, 852 S.W.2d at 446.
When reviewing subject matter jurisdiction, we must construe the petition in favor of the
pleader, and if necessary, review the entire record to determine if any evidence supports
jurisdiction. Dallas County Appraisal Dist., 887 S.W.2d at 469; Tellez v. City of Socorro,
164 S.W.3d 823, 828 (Tex. App.--El Paso 2005, pet. filed).
           “Subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel at any
stage of a proceeding.” Tourneau Houston, Inc. v. Harris County Appraisal Dist., 24 S.W.3d
907, 910 (Tex. App.--Houston [1st Dist.] 2000, no pet.) (citing Fed. Underwriters Exch. v.
Pugh, 141 Tex. 539, 174 S.W.2d 598, 600 (1943)). Lack of subject matter jurisdiction is
fundamental error that may be recognized by the appellate court, sua sponte, or raised by a
party, by appellate challenge, for the first time on appeal. See id.; Britton v. Tex. Dep’t of
Criminal Justice, 95 S.W.3d 676, 681 n.6 (Tex. App.--Houston [1st Dist.] 2002, no pet.) (“In
an appeal properly before it, an appellate court may always address fundamental error, even
without an appellate challenge.”). “A judgment is void only when it is apparent that the court
rendering judgment ‘had no jurisdiction of the parties, no jurisdiction of the subject matter,
no jurisdiction to enter the judgment, or no capacity to act as a court.’ Errors other than lack
of jurisdiction render the judgment merely voidable . . . .” Cook v. Cameron, 733 S.W.2d
137, 140 (Tex. 1987) (quoting Browning v. Placke, 698 S.W.2d 362, 363 (Tex. 1985)).
           The question of subject matter jurisdiction is a legal question which we review de
novo. City of Midland v. Sullivan, 33 S.W.3d 1, 6 (Tex. App.--El Paso 2000, pet. dism’d
w.o.j.). Our task is to examine the pleadings, to take as true the facts pleaded, and to
determine whether those facts support jurisdiction in the trial court. Texas Association of
Business, 852 S.W.2d at 446. We construe the pleadings in favor of the pleader. Id. If
necessary, we may review the entire record to determine if there is jurisdiction. Id. If the
petition does not allege jurisdictional facts, the plaintiff’s suit is subject to dismissal only
when it is impossible to amend the pleadings to confer jurisdiction. Id.
B. Facts Before Us
           We have carefully reviewed the record provided on appeal and must draw the
conclusion that the matter in controversy before us is precisely the type of internal dispute
among members of an association wherein the courts of this state have declined to interfere. 
The constitution and bylaws of TASO govern membership in the organization and provide
for a procedure whereby complaints against a member are addressed. Appellant, as a
member of the organization, was notified of the complaints filed against him and began the
process provided for in the rules. For reasons not reflected in the record, Appellant did not
complete the appellate process provided for by the bylaws. Instead, he determined that he
should seek judicial review of the decisions made by the association with regard to his
membership therein. Regardless of the manner in which Appellant has attempted to couch
his lawsuit, the courts of this state recognize the right of a private association to govern its
own affairs. Appellant’s complaints clearly seek judicial intervention because he is unhappy
with the outcome of the initial review of the charges and complaints filed against him. We
think it is the right of a private, non-profit organization to manage, within legal limits, its
own affairs without interference from the courts. See Hoey v. San Antonio Real Estate
Board, 297 S.W.2d 214 (Tex. Civ. App.--San Antonio 1956, no writ); Brotherhood of
Railroad Trainmen v. Price, 108 S.W.2d 239 (Tex. Civ. App.--Galveston 1937, writ dism’d);
Combs v. Texas State Teachers Ass’n, 533 S.W.2d 911 (Tex. Civ. App.--Austin 1976, writ
ref’d n.r.e.).
           Appellant maintains that his association with TASO entitles him to certain rights and
that the association’s failure to follow the procedures have deprived him of due process,
amounted to a breach of contract, and was a breach of a fiduciary duty owed to him. There
is no allegation or proof that Appellees’ interpretation of its bylaws which resulted in the 
hearing on the complaints proffered against Appellant and providing him with notice of
suspension and the right to appeal, was arbitrary, fraudulent, or capricious. Nothing in the
record suggests that anything that TASO has done regarding this matter was contrary to its
bylaws. Appellant merely pleads conclusory allegations that TASO breached its contract
with him by refusing to allow him to continue as executive secretary, that the board members
owed to him a fiduciary duty which they breached, and finally, that his due process rights
were violated. These allegations are not sufficient to invoke the jurisdiction of the courts of
this state.
           The right of a voluntary club or association to interpret its own organic agreements,
such as its charter, its bylaws and regulations, after they are made and adopted, is not inferior
to its right to make and adopt them, and an individual, by becoming a member, subjects
himself, within legal limits, to the association’s power to administer as well as its power to
make its rules. Dallas Athletic Club Pro. Com. v. Dallas Athletic Cl., 407 S.W.2d 849, 850
(Tex. Civ. App.--Austin 1966, writ ref’d n.r.e.).
           The courts will not interfere with the internal management of a voluntary association
so long as the governing bodies of such association do not substitute legislation for
interpretation, and do not act totally unreasonably or contravene public policy or the laws in
such interpretation and administration. Brotherhood of Railroad Trainmen, 108 S.W.2d 239; 
see also Frey v. DeCordova Bend Estates Owners Ass’n, 632 S.W.2d 877, 880 (Tex. App.--Fort Worth 1982), aff’d, 647 S.W.2d 246 (Tex. 1983); Adams v. American Quarter Horse
Ass’n, 583 S.W.2d 828 (Tex. Civ. App.--Amarillo 1979, writ ref’d n.r.e.).
As has been repeatedly held: 
Courts are not disposed to interfere with the internal management of a
voluntary association. The right of such an organization to interpret its own
organic agreements, its laws and regulations, after they are made and adopted,
is not inferior to its right to make and adopt them. And a member, by
becoming such, subjects himself, within legal limits, to his organization’s
power to administer, as well as to its power to make, its rules. To say that the
courts may exercise the power of interpretation and administration reserved to
the governing bodies of such organizations would plainly subvert their
contractual right to exercise such power of interpretation and administration
. . . . Without such latitude of action, associations organized to promote the
legitimate welfare of its members would be deprived of power to do so.

Brotherhood of Railroad Trainmen, 108 S.W.2d at 241; see also Frey, 632 S.W.2d at 880.
           The policy of non-intervention in the affairs of private associations, as shown above,
is a well-established and a wise and necessary policy. Without such policy, organizations 
such as Appellees simply could not function. If the courts were to interfere every time some
member, or group of members, had a grievance, real or imagined, the non-profit, private
organization would be fraught with frustration at every turn and would founder in the waters
of impotence and debility. Harden v. Colonial Country Club, 634 S.W.2d 56, 60 (Tex. App.--Fort Worth 1982, writ ref’d n.r.e.). For instance, if every time a member of the association
did not agree with the internal procedure devised for assigning members to officiate at certain
games, the law required a court or jury to resolve the dispute and establish a schedule, the
organization would cease to function. Further, an association is free to establish rules of
conduct and procedures that apply to membership within the organization. Constant
interference by the courts would lead to a virtual inability to function with no independence
of purpose. Most important, we recognize that when an association’s bylaws and constitution
provide for a process by which action may be taken against a member, the member must
participate in and complete the internal administrative process. We hold that the actions of
the board of directors of Appellees, so long as they are not illegal, not against some public
property, not arbitrary, capricious, or fraudulent, are proper actions, permissible and binding
on the members of this association. See Harden, 634 S.W.2d at 60.
           Appellant suggested that as an officer of a chapter, he was entitled to certain rights
governing complaints against him under the bylaws of TASO. What is clear from the record,
is that Appellant did not pursue any appeal to TASO. The record is not clear whether the
complaints against him were related to his function as an officer of the chapter or as a
member. Nothing in the record before us suggests that TASO acted improperly. At most,
Appellant contends that the El Paso chapter acted prematurely or without authority to
discipline him. It is clear that his appropriate remedy was to pursue his complaints with
TASO. This he did not do. We recognize that Appellees have the right to promulgate rules
and regulations which control the participation of all members of its association and decline
to interfere in the internal operations. Because in this case we have found that there is no
subject matter jurisdiction with the trial court, we dismiss this appeal for lack of subject
matter jurisdiction, and further hold that the trial court lacked jurisdiction to issue a decision
in the case below. Where the trial court does not have jurisdiction to render a judgment, the
proper practice is for the reviewing court to set the judgment aside and dismiss the cause.
Dallas County Appraisal Dist., 887 S.W.2d at 468.
           Insofar as the trial court lacked subject matter jurisdiction, we vacate the trial court’s
dismissal order and dismiss the case for want of jurisdiction and do not reach Appellant’s
issue on appeal. Tex. R. App. P. 43.2(e). Le Clair v. Wood, No. 10-04-00232-CV, 2005 WL
1303187, at *2 (Tex. App.--Waco June 1, 2005, no pet. h.).

                                                                  RICHARD BARAJAS, Chief Justice
August 25, 2005

Before Barajas, C.J., McClure, and Chew, JJ.