COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE COUNTY OF EL PASO, TEXAS AND RICHARD WILES IN HIS OFFICIAL CAPACITY AS EL PASO COUNTY SHERIFF, | § § § § | No. 08-10-00148-CV |
| Appellants, | § | Appeal from the |
| v. | § | 346th District Court |
| RICHARD ZAPATA, RONALD NANOS, FRANCISCO LERMA, LANCE BROWN, EDUARDO RODRIGUEZ, MICHAEL REYES, AND EDMUNDO VASQUEZ, | § § § | of El Paso County, Texas (TC# 2009-2539) |
| Appellees. | | |

**O P I N I O N**

The County of El Paso and Sheriff Richard Wiles, appeal the trial court's denial of their plea to the jurisdiction and its order compelling arbitration.[1] We set aside the trial court's order denying the County's plea to the jurisdiction and compelling arbitration, render judgment granting the County's plea to the jurisdiction, and dismiss the case for want of jurisdiction.

**BACKGROUND**

Richard Zapata, Ronald Nanos, Francisco Lerma, Lance Brown, Eduardo Rodriguez, Michael Reyes, and Edmundo Vasquez, Appellees, were employees of the El Paso County Sheriff's Office (EPSO) and members of the El Paso County Sheriff's Officer's Association (the Association) in 2008. Under the terms of the Articles of Agreement (the Agreement) executed by Sheriff Apodaca and the Association, Appellees could appeal a suspension or termination by providing written notice

---

[1] It is well established that a suit against an official in his official capacity is effectively a suit against the governmental entity. *Samaniego v. Keller*, 319 S.W.3d 825, 828 n.2 (Tex. App. – El Paso 2010, no pet.); *El Paso County v. Alvarado*, 290 S.W.3d 895, 897 n.2 (Tex. App. – El Paso 2009, no pet.). For convenience, we will refer to the Appellants as El Paso County throughout the opinion.

of appeal within ten working days and choosing to have their grievances heard by the Civil Service Commission or an arbitrator. With the exception of Appellee Reyes, each Appellee after suspension or termination notified Sheriff Apodaca in 2008, that they desired to have their grievances heard by an independent arbitrator.[2] However, Appellees' cases were not arbitrated prior to the expiration of Sheriff Apodaca's term.

Sheriff Wiles took office on January 1, 2009. He was not a signatory to the Agreement governing Sheriff Apodaca's 2008 suspensions and terminations of Appellees.[3]

Thereafter, on March 10, 2009, the Combined Law Enforcement Associations of Texas (CLEAT) sent a letter on behalf of Appellees to the County of El Paso, stating that a final list of local arbitrators had been determined and requested that the parties commence scheduling the pending suspension cases with the local arbitrators. The letter also stated that the termination cases would be scheduled for arbitration through the American Arbitration Association (AAA). The following day, the County of El Paso responded to CLEAT and informed it that the use of AAA arbitrators was unacceptable as it was the County's contention that "the contract" required all disciplinary matters, including terminations, to be heard by local arbitrators.

In April and May 2009, each Appellee decided to forego arbitration and submitted a written request to have their respective grievances heard before the El Paso County Sheriff's Department Civil Service Commission (the Commission) "pursuant to Sections 10.5.01, *et seq*. of the El Paso County Sheriff's Department Civil Service Commission Rules and Regulations," noting that "Sheriff

---

[2] With regard to Appellee Reyes, the record before us contains only his request for a hearing before the Sheriff's Civil Service Commission and the Commission's ruling of no jurisdiction in regard thereto. No party has provided record citations for Reyes' notice of suspension and we find none in the record.

[3] The parties agree that Sheriff Wiles took office on January 1, 2009, and Appellees contend that Sheriff Apodaca's "contract" with the SOA expired on December 31, 2008.

Wiles is not bound by the arbitration clause in effect at the time."[4]  The Commission found that it was without jurisdiction to consider the Appellees' grievances.[5]

Appellees thereafter filed suit in district court appealing the Commission's decision under Section 158.037 of the Texas Local Government Code.  In their suit, Appellees alleged that the Commission lacked any evidence to support its no-jurisdiction finding and sought a determination by the trial court that the Commission should have provided them with a hearing.

El Paso County responded with a plea to the jurisdiction, noting that Appellees had opted to appeal their cases to an arbitrator, rather than the Commission, in accordance with Article 9 of the agreement between the Association and Sheriff Apodaca.  Because Appellees had failed to timely file notice of appeal to the Commission within ten working days as required by Chapter 10, Section 5.01 of the Civil Service Commission Rules and Regulations, El Paso County contended that the Commission's decision was not appealable.  They also argued:

> The fact that each Plaintiff failed to have the case heard by an arbitrator, prior to the filing of the appeal to the Commission, is not relevant to the appeal to this court. Each Plaintiff was fully aware that their decision to submit the review of the disciplinary decision to the arbitrator waived the ability to request review by the Commission.  In addition, each of the Plaintiffs failed to file their appeal to the Commission within ten (10) working days from the disciplinary action, thus rendering the appeal untimely.

Appellees thereafter amended their pleadings, adding an alternative plea in abatement and

---

[4] The record does not contain Zapata's request for a hearing before the Commission in regard to his termination in Internal Affairs Case #SO 08-099; however, the June 1, 2009, Civil Service Commission minutes show that the Commission found that it had no jurisdiction to consider Zapata's grievance regarding a letter of termination.  Similarly, although the record does not contain Rodriguez' request for a Commission hearing, the record shows that the Commission considered his request but found that it had no jurisdiction to hear his grievance.

[5] Appellee Vasquez was suspended in two cases on July 17, 2008, and, in a single letter, requested the Commission to consider both suspensions.  The Commission determined that it was without jurisdiction to hear Vasquez' request.  However, the Commission's minutes fail to identify whether one or both of the two suspensions were before it.  As Vasquez requested that the Commission consider both suspensions, and because no party has otherwise asserted that the Commission only disposed of one and not both suspensions, we shall consider the Civil Service Commission's finding of no jurisdiction applicable to each of Vasquez' suspensions.

motion to compel arbitration. In the amended pleadings, Appellees contended that "the aforementioned contract [sic] should be construed together such that a duty to arbitrate the disputes made subject of this lawsuit devolves upon [El Paso County]."

El Paso County filed an amended plea to the jurisdiction, to which were attached: (1) the minutes showing the Commission's findings of no jurisdiction in Appellees' cases; (2) Sheriff Apodaca's letters notifying Appellees of their respective suspensions or terminations; (3) Appellees' requests for arbitration; and (4) Appellees' requests for disciplinary-grievance hearings before the Commission. The trial court conducted a hearing on March 3, 2010. It thereafter permitted El Paso County to file a trial brief in which El Paso County challenged the trial court's jurisdiction to consider the appeal from the Commission's no-jurisdiction findings and argued that arbitration was no longer an available remedy for Appellees.[6] The trial court denied El Paso County's plea to the jurisdiction and entered an order compelling arbitration. Both Sheriff Wiles and the County appeal that decision.

## DISCUSSION

### *Issues*

In Issue One, El Paso County alleges that the trial court's denial of their plea to the jurisdiction was erroneous because Appellees had no right to appeal under Section 158.037 of the Texas Local Government Code. TEX. LOC. GOV'T CODE ANN. § 158.037 (West 2008). In Issues Two and Three, El Paso County contends that Appellees had not only failed to establish proper grounds that would permit the trial court to compel arbitration, but that Appellees had otherwise abandoned arbitration.

---

[6] Appellees contend that El Paso County omitted their plea-to-the-jurisdiction argument in the Second Amended Plea to the Jurisdiction. We disagree.

*Appellate Jurisdiction and Appellees' Motion to Dismiss*

We first address the threshold matter of our jurisdiction to review the trial court's denial of the County's plea to the jurisdiction. *Juarez v. Tex. Ass'n of Sporting Officials El Paso Chapter*, 172 S.W.3d 274, 278 (Tex. App. – El Paso 2005, no pet.) ("We must inquire into our own jurisdiction, even if it is necessary to do so *sua sponte.*"). In their brief, Appellees seek to dismiss the County's appeal for lack of jurisdiction over: (1) the interlocutory appeal of Sheriff Wiles because he is not a governmental unit; and (2) El Paso County's first point of error regarding the trial court's denial of their plea to the jurisdiction.

Absent a statute specifically authorizing an appeal, our jurisdiction is restricted to reviewing final judgments. *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex. 1985). Section 51.014(a)(8) of the Civil Practices and Remedies Code specifies that a person may appeal from an interlocutory order of a district court, county court at law, or county court that grants or denies a governmental unit's plea to the jurisdiction. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2008). The term "governmental unit" is statutorily defined to include a county of this state. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3) (West 2005). A county sheriff is not among those entities or agencies that are statutorily defined to constitute a "governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3) (West 2005); *Dallas County v. Alejo*, 243 S.W.3d 21, 25 (Tex. App. – Dallas 2007, no pet.) (recognizing that a governmental unit's employee or official, such as a sheriff, are not included in the statutory definition of "governmental unit"). However, a suit against an official in his official capacity, here, Sheriff Wiles, is effectively a suit against the County. *Samaniego*, 319 S.W.3d at 828 n.2; *Alvarado*, 290 S.W.3d at 897 n.2. We deny Appellees' motion to dismiss Sheriff Wiles' appeal. However, because the County of El Paso is statutorily defined to be a governmental unit, we find that we have jurisdiction to consider its interlocutory appeal of the

trial court's denial of its plea to the jurisdiction. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2008); TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3) (West 2005). Therefore, Appellees' motion to dismiss El Paso County's first issue on appeal for lack of jurisdiction is denied.

*Standard of Review*

A plea to the jurisdiction contests a trial court's subject-matter jurisdiction. *Bland Independent School District v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Samaniego*, 319 S.W.3d at 828. We review *de novo* whether a trial court has subject-matter jurisdiction and whether a pleader has alleged facts that affirmatively demonstrate the trial court's subject-matter jurisdiction. *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Samaniego*, 319 S.W.3d at 828.

A plaintiff has the burden of pleading facts which affirmatively show that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Thus, we first consider the plaintiff's petition to determine whether the facts pled affirmatively demonstrate that jurisdiction exists. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007), *citing Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Texas Department of Parks & Wildlife*, 133 S.W.3d at 226, 228. If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, the plaintiff should be afforded an opportunity to replead. *Holland*, 221 S.W.3d at 643; *Texas Department of Parks & Wildlife*, 133 S.W.3d at 226. However, in some instances, a plea to the jurisdiction may require our consideration of evidence pertaining to jurisdictional facts. *Holland*, 221 S.W.3d at 643; *Texas Department of Parks & Wildlife*, 133 S.W.3d at 227; *Bland Independent School District*, 34 S.W.3d at 555. "A plea should not be granted if a fact issue is presented as to

the court's jurisdiction, but if the relevant undisputed evidence negates jurisdiction, then the plea to the jurisdiction must be granted." *Holland*, 221 S.W.3d at 643, *citing Texas Department of Parks & Wildlife*, 133 S.W.3d at 227-28.

*Application*

Appellees' petition and amended petition state, "The courts of El Paso County, Texas have jurisdiction over the parties and subject matter of the claims made the basis of this suit." Construing liberally in their favor Appellees' factual pleadings and accepting them as true, we find it necessary to consider the relevant evidence pertaining to jurisdictional facts. *Texas Department of Parks & Wildlife*, 133 S.W.3d at 226-28; *Holland*, 221 S.W.3d at 643; *Bland Independent School District*, 34 S.W.3d at 555.

The Agreement sets forth the fundamental steps regarding discipline. Step One of the Agreement permits the Sheriff to demote, suspend, or terminate an officer upon personally serving the officer with a written statement of the charges, which "shall inform the officer that he has ten (10) working days after receipt thereof to file a written appeal with the Sheriff." Step Two of the Agreement requires:

> The officer shall state in his notice of appeal that he requests a hearing before the Civil Service Commission or an arbitrator pursuant to the provisions outlined in this Agreement. If the officer requests an arbitration in said appeal, then the officer shall specifically state that he or she waives the right to appeal to the Commission.[7]

Likewise, Section 10.5.01 of the Commission's Rules and Regulations require that an employee wishing to appeal a disciplinary action, other than those relating to a probationary rating or dismissal, "may do so by letter within ten working . . . days from the disciplinary action to the

---

[7] Although El Paso County refers us to Article 9, section 1B, we are unable to find such reference within that portion of the Articles of Agreement contained in the record; however, we note that the language recited by El Paso County does appear in Step 2 of the Articles of Agreement.

Commission."

No party disputes that Appellees timely filed a written notice of appeal to Sheriff Apodaca seeking arbitration of their grievances. However, no Appellee affirmatively sought to have his grievance heard by the Commission within ten working days as required by both the Agreement and the Commission's Rule 10.5.01. Thereafter, the Commission determined that it was without jurisdiction to hear Appellees' grievances, and Appellees sought to appeal the Commission's determination in the trial court.

The right to appeal the decision of an administrative agency is a statutory right. *Samaniego*, 319 S.W.3d at 830. Those statutory provisions are mandatory and exclusive, and must be complied with fully to bestow the district court with jurisdiction over the appeal. *Id.*

In their pleadings, Appellees specifically state that they are appealing the Commission's decision under Chapter 158 of the Texas Local Government Code. Section 158.037 of the Local Government Code specifically provides that "[a]n employee who, on a final decision by the [Sheriff's Department Civil Service Commission], is demoted, suspended, or removed from a position may appeal the decision by filing a petition in a district court in the county within 30 days after the date of the decision." TEX. LOC. GOVT CODE ANN. §§ 158.031(1), 158.037(a) (West 2008). Because the Commission's decision did not demote, suspend, or remove any Appellee from his employment but, rather, dismissed the grievances for lack of jurisdiction, we find Section 158.037(a) to be inapplicable to Appellees' cases. TEX. LOC. GOVT CODE ANN. §158.037(a). As Appellees did not have statutory authority to appeal the Commission's decision, we find that the trial court was without jurisdiction to consider their claims. *Samaniego*, 319 S.W.3d at 830. When a trial court lacks jurisdiction, then an appellate court has jurisdiction only to set the judgment aside and dismiss the case. *Samaniego*, 319 S.W.3d at 831; *Juarez*, 172 S.W.3d at 278; *see also* TEX. R.

App. P. 43.2(e). We, therefore, set aside the trial court's judgment and dismiss the case. Issue One is sustained. Therefore, we do not reach Issues Two and Three.

## CONCLUSION

Appellees' motion to dismiss Sheriff Wiles' appeal for want of jurisdiction is denied. Appellees' motion to dismiss the County's first issue on appeal is denied.

The trial court's order denying the County's plea to the jurisdiction and compelling arbitration is set aside, and the case against the County is dismissed for want of jurisdiction.

GUADALUPE RIVERA, Justice

March 9, 2011

Before Chew, C.J., McClure, and Rivera, JJ.