COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS









IN THE ESTATE OF RODOLFO
MORALES, DECEASED

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-10-00166-CV

Appeal from the

Probate Court No. 1

of El Paso County, Texas 

(TC# 2009-P00817) 





O P I N I O N

            Maria M. Morales appeals from an order denying her application to be declared an heir in
the estate of decedent, Rodolfo Morales. Because the order denying Ms. Morales’ application is
interlocutory, and no basis for this interlocutory appeal is asserted by the parties, we must
dismiss the appeal for lack of subject-matter jurisdiction without regard to the merits of the
arguments and issues raised by the parties.
            Rodolfo Morales died intestate on May 24, 2009. On August 11, 2009, Ms. Maria
Morales filed an Application for Declaration of Heirship, alleging that she was Mr. Morales’
widow, and that there was a need for an administration of the estate. Gilbert Morales,
Mr. Morales’ son, on his own behalf and on behalf of his surviving siblings, answered
Ms. Morales’ application claiming that Ms. Morales had no interest in the estate because she was
divorced from the decedent on June 30, 1988. Gilbert Morales also petitioned the court for a
declaration of heirship with regard to himself and his siblings, requested that the probate court
declare the children heirs to Mr. Morales’ estate, and included an application for temporary
administration of the estate.
            In addition to his challenge to Ms. Morales’ application to be declared an heir, Gilbert
Morales asserted counter-claims for affirmative relief from Ms. Morales related to her alleged
sale of real property belonging to the estate. Gilbert Morales sued Ms. Morales for fraud,
alleging that she made material false representations regarding her marriage to Mr. Morales, and
that those representations caused injury to Gilbert Morales and his siblings when Ms. Morales
entered into a contract to sell property owned by the estate. Gilbert Morales alleged that
Ms. Morales received over $30,000, approximately 50% of the proceeds of the sale as her
“community interest.” Gilbert Morales also asserted a claim for tortious interference with
inheritance rights, alleging that Ms. Morales was liable for interfering with the children’s
inheritance of their father’s estate, and asked the court to order Ms. Morales to turn over the
proceed of the sale, or for the court to award actual and punitive damages for Ms. Morales’
actions.
            The probate court heard arguments on the issue of Ms. Morales’ application for
declaration of heirship on April 21, 2010. Although the parties recognized Gilbert Morales’
pending claims, the hearing was expressly limited to the issue of Ms. Morales’ claimed
justiciable interest in the estate, and her application for declaration, due to the issue’s potential
impact on the remainder of the case. As Ms. Morales’ counsel stated; “[y]our honor, we’re here
to determine whether or not Maria Morales is the lawful widow of Rodolfo Morales. That is the
only issue before this Court today.”
            At the close of argument, on the record, the probate court ruled that Ms. Morales was
legally divorced from Mr. Morales in 1988, that she subsequently filed a petition to enforce the
terms of the decree, that an agreed order was entered awarding her the community assets she
sought through her petition to enforce. After the judge announced her ruling, counsel for Gilbert
Morales indicated an intent to proceed with the siblings’s heirship application, and expressly
stated that they did not intend to waive their other causes of action. In response, Ms. Morales’
attorney also recognized the pending motions and petitions and indicated that a “final hearing”
was not immediately possible. In the last lines of the transcript, the judge indicated an intent to
set the case for further hearing, and to revisit the heirship issue on a future date.
            On June 7, 2010, the probate court entered the following written order: 
On April 12, 2010 this Court heard the Application of Maria M. Morales
for Declaration of Heirship in the Estate of Rodolfo Morales, (herinafter
Decedent).
 
Findings:
 
The Court after hearing the evidence and argument of counsel, makes the
following findings:
That Maria M. Morales and Rodolfo Morales, (Decedent), were legally
divorced on June 30, 1988. Therefore at the time of Rodolfo Morales’ death he
was not married to Maria M. Morales.
 
Court Orders:
 
IT IS THE ORDER of this Court that the Applicant, Maria M. Morales. is
not the lawful widow of Decedent, Rodolfo Morales.
IT IS FURTHER ORDERED that Maria M. Morales is not an individual
with an interest in the estate of Rodolfo Morales. 
IT IS ORDERED that the application of Maria M. Morales to Declare
Heirship filed in this case is denied.

            Ms. Morales appealed this order to this Court on June 14, 2010. There is no record that
any subsequent orders or judgments have been filed in the case.
            Before we address Ms. Morales’ appellate arguments, we must determine our own
subject-matter jurisdiction over this appeal. See Juarez v. Tex Ass’n of Sporting Officials El
Paso Chapter, 172 S.W.3d 274, 278 (Tex.App.--El Paso 2005, no pet.)(“We must inquire into
our own jurisdiction, even if it is necessary to do so sua sponte.”). Subject-matter jurisdiction is
a legal issue which is reviewed de novo. City of Midland v. Sullivan, 33 S.W.3d 1, 6 (Tex.App.--El Paso 2000, pet. dism’d w.o.j.). With limited exceptions not at issue in this case, appellate
courts only have jurisdiction over final judgments. See County of El Paso v. Zapata, 338 S.W.3d
78, 82 (Tex.App.--El Paso 2011, no pet.). A judgment is final and appealable when it disposes of
all parties and claims pending before the court, and whether or not a particular judgment does so
will be determined on a case by case basis. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001).
            For the majority of judgments there is no particular form or language required to
demonstrate finality. Lehmann, 39 S.W.3d at 195. However, according to Sections 54 and 55 of
the Texas Probate Code, a final and appealable judgment in an heirship proceeding must;
“declare[s] the names and places of residence of the heirs of the decedent, and their respective
shares and interests in the real and personal property of such decedent.” Tex.Prob.Code Ann.
§§ 54, 55 (West 2003); Crowson v. Wakeham, 897 S.W.2d 779, 783 (Tex. 1995)(“If there is an
express statute, such as the one for the complete heirship judgment, declaring the phase of the
probate proceedings to be final and appealable, that statute controls.”).
            Base on our review of the record as discussed above, the status of several potential heirs
was at issue in this proceeding, independent of Ms. Morales’ application. In addition, the
Morales children asserted counter-claims for fraud, and tortious interference, and alleged the case
warranted both actual and punitive damages based on Ms. Morales’ alleged actions. The order
from which Ms. Morales has appealed, does not include the findings required by the Texas
Probate Code, nor does it dispose of the counter-claims raised by the contestants. See 
Tex.Prob.Code Ann. §§ 54, 55. As such, the order was not final and appealable, and this Court
lacks subject-matter jurisdiction over the appeal. See Crowson, 897 S.W.2d at 783. 
Accordingly, without regard to the merits of the parties’ arguments, the appeal will be dismissed
for lack of jurisdiction. See Tex.R.App.P. 43.2(f); Juarez, 172 S.W.3d at 281.
            Having concluded that the trial court’s order was not final and appealable, we dismiss this
appeal for lack of subject-matter jurisdiction.


July 27, 2011
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Barajas, C.J.(Ret.)
Barajas, C.J. (Ret.)(Sitting by Assignment)