**VACATE and DISMISS and Opinion Filed November 2, 2020**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-19-01358-CV
_____

**BILLY WHITE, CJ JONES, GARY UPSHAW, AND CYNTHIA MANUEL,
Appellants
V.
DALLAS BASKETBALL OFFICIALS ASSOCIATION, INC., Appellee**

**On Appeal from the 134th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-19-10678**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Browning
Opinion by Justice Browning

Billy White, CJ Jones, Gary Upshaw, and Cynthia Manuel appeal the trial court's order dismissing the underlying cause with prejudice. In a single issue, appellants raise the question whether "a motion, unsupported by pleadings, give[s] a trial court authority to dismiss a case based on a withdrawn Rule 11 agreement." We vacate the trial court's dismissal order and dismiss this case for want of jurisdiction.

In July 2019, appellants filed their ex parte application for temporary restraining order, temporary injunction, and original petition. Appellants alleged

they were elected as officers of the Dallas Basketball Officials Association (DBOA), a Texas nonprofit corporation, and began serving their terms of office on April 1, 2018. Appellants sought to restrain DBOA from involuntarily removing officers elected to serve from April 1, 2018 through March 31, 2020 or from conducting any election of officers to replace those officers that were involuntarily removed. Appellants also sought to have any involuntarily removed officers reinstated as members in good standing in order to complete their terms of service. On July 30, 2019, the trial court signed a temporary restraining order enjoining DBOA from involuntarily removing any officers. On August 20, 2019, the trial court signed a temporary injunction order that enjoined DBOA from removing appellants from office and that set the matter for trial.

At a hearing on September 18, 2019, the parties informed the trial court that they had reached an agreement and read into the record their Rule 11 agreement that DBOA would hold a meeting on September 25, 2019 to allow its members to vote whether to retain or remove appellants from the board.

On September 24, 2019, appellants filed a notice of withdrawal of consent to the Rule 11 agreement stating that, when appellants "received a copy of the draft of the written Rule 11 agreement, they objected to certain terms and omissions in the agreement and withdrew their consent." Appellants asked the trial court to set the case on the non-jury trial docket to adjudicate the merits of their cause of action.

In response, DBOA filed an emergency motion for specific enforcement of rule 11 agreement and motion to set aside temporary injunction or to dismiss for lack of jurisdiction. DBOA argued the parties entered into a binding, final settlement that the trial court should enforce; that the trial court should lift the temporary injunction; and, in the alternative, that the trial court should dismiss the "action in its entirety" pursuant to the doctrine of judicial non-interference with the internal governance of an association.

At a hearing on October 2, 2019, appellants' counsel asked the trial court to grant appellants' motion to enforce the temporary injunction order, accept appellants' withdrawal of consent to the Rule 11 agreement, and set the case for trial. DBOA's counsel asked the trial court to enforce the Rule 11 agreement. At the conclusion of the hearing, the trial court denied appellants' motion to enforce the temporary injunction order and dismissed the case. That same day, the trial court signed an order dismissing appellants' claims with prejudice. This appeal followed.

In a single issue, appellants argue that a motion, unsupported by pleadings, does not give a trial court authority to dismiss a case based on a withdrawn Rule 11 agreement. DBOA argues this case should be dismissed for lack of subject matter jurisdiction.

Subject matter jurisdiction is fundamental error and may be raised for the first time on appeal. *Dallas Cty. Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied). We must inquire into our own

jurisdiction, even if it is necessary to do so sua sponte. *Id.* Appellate court jurisdiction of the merits of a case extends no further than that of the court from which the appeal is taken. *Id.* If the trial court lacked jurisdiction, then an appellate court only has jurisdiction to set the judgment aside and dismiss the cause. *Id.*

Traditionally, courts are not disposed to interfere with the internal management of a voluntary association. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 176 (Tex. App.—Dallas 2000, pet. denied). By becoming a member, a person subjects himself, within legal limits, to the organization's power to make and administer its rules. *Id.* Thus, courts will not interfere with the internal management of voluntary associations so long as the governing bodies of those associations do not substitute legislation for interpretation and do not overstep the bounds of reason or violate public policy or the laws of the state. *Id.* Judicial review is only proper when the actions of the organization are illegal, against some public policy, arbitrary, or capricious. *Id.* Absent such actions, a trial court lacks subject matter jurisdiction over claims regarding the internal management of a voluntary association. *See Juarez v. Texas Ass'n of Sporting Officials El Paso Chapter*, 172 S.W.3d 274, 280 (Tex. App.—El Paso 2005, no pet.).

Here, appellants' claims all related to DBOA's removal of appellants as officers and to a subsequent Rule 11 agreement concerning the time and place of a vote by the DBOA membership to determine whether appellants should continue to serve as officers. Thus, all of appellants' claims sought judicial interference with

the internal management of a voluntary association. *See Dickey*, 12 S.W.3d at 176. Therefore, the trial court lacked subject matter jurisdiction over appellants' claims. *See Juarez*, 172 S.W.3d at 280. Where the trial court does not have jurisdiction to render a judgment, the proper practice is for the reviewing court to set the judgment aside and dismiss the cause. *Dallas Cty. Appraisal Dist.*, 887 S.W.2d at 468. Accordingly, we do not reach Appellants' issue on appeal.

We vacate the trial court's dismissal order and dismiss this case for want of jurisdiction. TEX. R. APP. P. 43.2(e).


/John G. Browning/
JOHN G. BROWNING
JUSTICE


191358F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BILLY WHITE, CJ JONES, GARY
UPSHAW, AND CYNTHIA
MANUEL, Appellants

No. 05-19-01358-CV      V.

DALLAS BASKETBALL
OFFICIALS ASSOCIATION, INC.,
Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-10678.
Opinion delivered by Justice
Browning. Justices Molberg and
Carlyle participating.

In accordance with this Court's opinion of this date, the trial court's order dismissing the case is **VACATED**, and this case is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee DALLAS BASKETBALL OFFICIALS ASSOCIATION, INC. recover its costs of this appeal from appellants BILLY WHITE, CJ JONES, GARY UPSHAW, AND CYNTHIA MANUEL.

Judgment entered November 2, 2020.