**Dismissed and Opinion Filed December 14, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01251-CV

## GREGORY WILLIAMS, Appellant
## V.
## PATRICK SMITH AND NINTH DISTRICT OF OMEGA PSI PHI
## FRATERNITY, INC., Appellees

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-04985-2019**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Pedersen, III, and Justice Evans
Opinion by Justice Pedersen, III

Gregory Williams appeals the trial court's October 9, 2019 Order Denying

[Williams's Application for a] Temporary Injunction (the "Order").[1] In two issues,

Williams challenges the factual sufficiency of the evidence supporting the denial of

his application and contends that the denial was an abuse of the trial court's

discretion. Because we conclude that the trial court lacked jurisdiction over

Williams's claims, we vacate the Order and dismiss this cause.

---

[1]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(4) (permitting interlocutory appeal of order denying temporary injunction).

## Background

Williams has been an active member of Omega Psi Phi fraternity (the "Fraternity") for more than thirty years and owns both local and international life memberships in the organization. He sued the Fraternity and Patrick Smith—the Fraternity's Ninth District Representative—after his memberships were suspended for two years following a Fraternity disciplinary procedure; Williams alleged that appellees deprived him of property without due process. The trial court granted a temporary restraining order in Williams's favor, but—after an evidentiary hearing— the court denied Williams's request for a temporary injunction that would bar the suspension.

The record establishes the following:

- On March 24, 2019, Dr. David Marion, Grand Basileus of the Fraternity, wrote a letter to the Fraternity's District Representatives, declaring a moratorium on certain social events within the organization. Marion stated that in the event members violated the moratorium, "Sanctions will be issued up to expulsion and chapter revocation." In a subsequent phone call, Marion clarified his directive: there were to be no "probate shows" or "presentation shows" for an indefinite period of time.[2]

---

[2] The record does not include specific definitions of these types of social events; we employ the terminology used by the parties. Based upon the factual allegations against Williams, we understand the general nature of a "presentation show" to include a chapter's "present[ing] new initiates to the community."

- Smith informed Williams, by email and telephone, that the presentation show his chapter had planned for March 31 would not be permitted under the moratorium.

- On March 31, Williams held the presentation show despite Smith's directive to cancel it.

- On April 2, Smith informed Williams in writing that he may have violated the Fraternity's code of conduct and that he was being placed on interim suspension pending investigation of the presentation show held on March 31.[3]

- The Fraternity's State Representative, Terry Force, interviewed Williams in the initial phase of the investigation. Force produced a detailed summary of his interview and concluded that Williams had violated Smith's directive in holding the presentation show.

- On August 2, Williams was notified by the Ninth District Counselor, Quinon A. Brooker, that the District Council was formally charging him with

> failing to adhere to District Representative, Brother Patrick Smith's direct orders to cease and desist with the execution of a Mu Gamma Chapter Neophyte Presentation show on March 31, 2019 during an international moratorium on social events levied by Grand Basileus Dr. David Marion against the peace and tranquility of the Ninth District.

The notice set a telephonic hearing for August 9.

---

[3] Smith testified that he learned of the presentation show when members from other chapters complained to him, asking why Williams's chapter was permitted to hold such an event when they were not.

- The telephonic hearing was held by a panel made up of the Ninth District Council, including Smith, Brooker, and the region's vice president. Williams participated in the hearing, which lasted "a couple of hours." The panel deliberated the next day and made a recommendation that Williams be punished.

- Smith, as he was authorized to do by the Fraternity's constitution, adopted the panel's recommendation and issued the ruling that Williams was to be suspended for two years.

### The Judicial Non-Intervention Doctrine

The judicial non-intervention doctrine provides that—with limited exceptions—a trial court lacks subject matter jurisdiction over claims regarding the internal management of a voluntary association. *See White v. Dallas Basketball Officials Ass'n, Inc.*, No. 05-19-01358-CV, 2020 WL 6390509, at *2 (Tex. App.—Dallas Nov. 2, 2020, no pet.) (mem. op.). Subject matter jurisdiction is essential to a court's power to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Whether a party has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Williams casts his claims as violations of the Texas Constitution's prohibition against denial of a property interest without due process. *See* TEX. CONST. art. 1,

–4–

§ 19 ("No citizen of this State shall be deprived of life, liberty or property, privileges or immunities, or in any manner disenfranchised, except by due course of the law of the land."). Traditionally, courts are not disposed to interfere with the internal management of a voluntary association. *Harden v. Colonial Country Club*, 634 S.W.2d 56, 59 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.). By becoming a member, a person agrees to subject himself, within legal limits, to the organization's authority to make and to administer its rules. *Id.* Accordingly, "the threshold standards for bringing any recognized common law suit against a voluntary private association are substantial." *Dallas Cty. Med. Soc'y v. Ubinas-Brache*, 68 S.W.3d 31, 43 (Tex. App.—Dallas 2001, pet. denied). Absent evidence of fraud, illegality, or a threat to the plaintiff's valuable property rights or civil rights, a trial court may not intervene in the association's internal management. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 177 (Tex. App.—Dallas 2000, pet. denied).[4]

Williams alleges that appellees have deprived him of a valuable property right, namely his two prepaid life memberships in the Fraternity. We do not question that Williams's memberships are of value to him personally. However, our courts have held that a membership in a voluntary non-profit organization does not afford Williams such a valuable property right. *Harden*, 634 S.W.2d at 59. Indeed, we have

---

[4] Williams's briefing characterizes the judicial non-interference doctrine as "archaic" and contends that Texas courts are moving away from its application. The recent history of this Court establishes otherwise. *See, e.g., White v. Dallas Basketball Officials Ass'n, Inc.*, No. 05-19-01358-CV, 2020 WL 6390509 (Tex. App.—Dallas Nov. 2, 2020, no pet. h.) (mem. op.); *Beasley v. Soc'y of Info. Mgmt., Dallas Area Chapter*, No. 05-19-00607-CV, 2020 WL 5087824 (Tex. App.—Dallas Aug. 28, 2020, no pet. h.) (mem. op.).

applied the doctrine of non-intervention when a party has lost all membership rights in a voluntary association. *See, e.g.*, *Ubinas-Brache*, 68 S.W.3d at 42–43 (physician expelled from medical society lacked common law action to maintain membership—based on breach of contract or violation of property rights—because of doctrine of judicial non-intervention); *see also Beasley*, 2020 WL 5087824, at *5 ("The underlying factual basis for [plaintiff's] claims is his expulsion from a voluntary association, a matter in which courts 'are not disposed to interfere.'" (quoting *Dickey*, 12 S.W.3d at 176)).

In Williams's case, the Fraternity's discipline involved only a two-year suspension of his membership. We conclude that this temporary loss of membership rights, standing alone, is not the type of property loss for which courts will interfere in the operations of a voluntary organization. *See Dickey*, 12 S.W.3d at 177 (involvement of property right alone does not necessarily authorize judicial intervention in absence of arbitrariness, fraud, or collusion).

For Williams's claims to be subject to the trial court's jurisdiction, then, the claims must involve fraud, illegality, or injury to his civil rights. *See id.* But neither Williams's pleadings nor the evidence supports such a conclusion. His pleadings against the Fraternity and Smith do not specifically allege fraud, illegality, or deprivation of any civil right. Nor do the factual allegations within those pleadings suggest such violations. And while allegations in affidavits submitted at the injunction hearing suggest that Williams disagreed with certain decisions made by

Smith, no evidence supports any long-term systemic bias against Williams by Fraternity leaders. *Cf. Collins v. Kappa Sigma Fraternity*, No. 02-14-00294-CV, 2017 WL 218286, at \*9 (Tex. App.—Fort Worth Jan. 19, 2017, pet. denied) (mem. op.) ("Collins provided evidence that the members on the Supreme Executive Committee that heard and expelled Collins had longstanding grievances against him . . . [including] competent summary judgment evidence that three of the four members of the Committee who voted to expel him had been on the opposite side of Collins in numerous lawsuits over the years.").[5] Nor do we agree with Williams that Smith's role throughout his disciplinary procedure suggests that it was unfair: the record establishes that a number of other Fraternity representatives were involved.

The record contains evidence that Williams violated a Fraternity order and that he was charged, tried, and punished according to Fraternity procedures. There is no evidence that his treatment was arbitrary, fraudulent, or illegal. Absent evidence of such actions by the organization, the doctrine of judicial non-intervention applies, and a trial court lacks subject matter jurisdiction over claims regarding the organization's internal management. *See White,* 2020 WL 6390509, at

---

[5] Williams contends that the *Collins* court determined that fraternity membership is a valuable property right. We disagree. The Fort Worth court explained that exceptions to the general rule of non-intervention will lie "[1] if a valuable right or property interest is at stake or [2] if the association fails to give its members something similar to due process." 2017 WL 218286, at \*8. The court's analysis and conclusions were based solely on the second exception, i.e., the failure of the fraternity to prove it had given Collins a fair hearing on its charges. *Id.* at \*8–10 (in summary judgment proceeding, non-movant Collins raised fact issues concerning fairness given longstanding disputes). We find no Texas case that has held a fraternity membership is a valuable property right in this (or any other) context.

*2 (citing *Juarez v. Tex. Ass'n of Sporting Officials El Paso Chapter*, 172 S.W.3d 274, 280 (Tex. App.—El Paso 2005, no pet.)).

When the trial court lacks jurisdiction to render an order, the proper practice is for the reviewing court to set the order aside and to dismiss the cause. *See Dallas Cty. Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 471 (Tex. App.— Dallas 1994, writ denied). Accordingly, we do not reach Williams's substantive challenges to the trial court's denial of his request for a temporary injunction.

## Conclusion

We vacate the trial court's Order and dismiss this cause for want of jurisdiction. TEX. R. APP. P. 43.2(e).

191251f.p05

/Bill Pedersen, III//

BILL PEDERSEN, III
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GREGORY WILLIAMS, Appellant

No. 05-19-01251-CV        V.

PATRICK SMITH AND NINTH
DISTRICT OF OMEGA PSI PHI
FRATERNITY, INC., Appellees

On Appeal from the 429th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 429-04985-
2019.
Opinion delivered by Justice
Pedersen, III. Chief Justice Burns and
Justice Evans participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellant Gregory Williams's application for temporary injunction is **VACATED,** and this cause is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellees PATRICK SMITH and NINTH DISTRICT OF OMEGA PSI PHI FRATERNITY, INC. recover their costs of this appeal from appellant GREGORY WILLIAMS.

Judgment entered this 14th day of December, 2020.