# NO. 12-20-00123-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOE MARLIN GILMER,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Joe Marlin Gilmer appeals the trial court's order denying his motion to rescind an order to withdraw funds from his inmate account. Gilmer raises ten issues on appeal. We vacate and remand.

### BACKGROUND

Gilmer is an inmate, who is serving a thirty-year sentence for aggravated assault with a deadly weapon of a family or household member. He was convicted in the 294th Judicial District Court of Van Zandt County (the District Court), Texas on December 20, 2016, and sentenced on January 19, 2017. That same day, the District Court rendered an order to withdraw funds from Gilmer's inmate account in the amount of $16,495.90.

On September 25, 2019, Gilmer received notice that the Texas Department of Criminal Justice had received a withdrawal order for Gilmer's inmate account. On October 19, Gilmer filed, in the District Court, a motion to rescind the withdrawal order and requested that the amount collected as of September 18, 2019, the date of the notice, be refunded. On January 29, 2020, the County Court at Law for Van Zandt County, Texas (the County Court at Law or the trial court) denied Gilmer's motion by written order. This appeal followed.

1

In his first issue, Gilmer argues that the trial court lacked subject matter jurisdiction to consider and deny the motion to rescind he filed in the district court, which originally rendered the withdrawal order.

Subject matter jurisdiction is essential to the authority of a court to decide a case. ***Bland Indep. Sch. Dist. v. Blue***, 34 S.W.3d 547, 554 (Tex. 2000); ***Tex. Ass'n of Bus. v. Tex. Air Control Bd.***, 852 S.W.2d 440, 443 (Tex. 1993). Whether a court has subject matter jurisdiction is a question of law, which we review de novo. ***City of Dallas v. Carbajal***, 324 S.W.3d 537, 538 (Tex. 2010); *see **Juarez v. Tex. Ass'n of Sporting Officials El Paso Chapter***, 172 S.W.3d 274, 278 (Tex. App.–El Paso 2005, no pet.). If we determine that the trial court lacked jurisdiction, then we only have jurisdiction to set aside the trial court's judgment and dismiss the cause. *See **Juarez***, 172 S.W.3d at 278.

Here, Gilmer's motion challenged the district court's authority to collect costs pursuant to Texas Government Code, Section 501.014, which authorizes inmate account withdrawals for costs. *See **Harrell v. State***, 286 S.W.3d 315, 318 (Tex. 2009); *see also* TEX. GOV'T CODE ANN. § 501.014 (West Supp. 2020). The procedure at issue is a civil, post judgment, collection action, akin to a garnishment action. *See **id.*** at 319.

A garnishment proceeding is ancillary to and a part of the principal action and must be brought in the court of the principal action. *See **King & King v. Porter***, 252 S.W. 1022, 1022 (Tex. 1923); ***In re Gen. Motors Acceptance Corp.***, No. 13-08-474-CV, 2008 WL 4822227, at *3 (Tex. App.–Corpus Christi Nov. 3, 2008, no pet.) (mem. op.). As a result, the principal court's jurisdiction extends to all issues raised in the enforcement of that judgment and controls the appellate jurisdiction of such issues. *See **Gen. Motors Acceptance Corp.***, 2008 WL 4822227, at *4.

In the instant case, the district court's withdrawal order is a post judgment order, which Gilmer may challenge.[1] *See **Harrell***, 286 S.W.3d at 319. However, similar to garnishment proceedings, Gilmer was required to raise his challenge to the withdrawal order in the court that rendered it. *Cf.* ***Gen. Motors Acceptance Corp.***, 2008 WL 4822227, at *4. Indeed, the decision to rescind an order logically should be presented to the court which rendered the same because to

---

[1] Gilmer may challenge this order to the extent such a challenge relates to the convicting court's authority to collect costs as opposed to its authority to assess costs. *See **Harrell v. State***, 266 S.W.3d 31, 318 (Tex. 2009).

allow otherwise would enable litigants to make an "end-run" around the trial court which rendered the order. *Id.*

Here, Gilmer properly sought to file his motion with the district clerk to be presented to the District Court for a ruling. Yet the order denying Gilmer's motion appears to have been issued by the County Court at Law. We recognize that the County Court at Law can have concurrent civil jurisdiction with the District Court. *See* TEX. GOV'T CODE ANN. § 25.2362(b) (West Supp. 2020). Further, we acknowledge that a county court at law judge may hear and determine a matter pending in any district court in that county. *See id.* § 74.094 (West 2013). Further still, we surmise that Van Zandt County may have local rules or administrative orders which allow the County Court at Law to act on behalf of the District Court in certain circumstances. But there is nothing in the record before us to support such a conclusion, and the State has not filed a brief which potentially could have elucidated the issue. Ultimately, the record reveals only that an order was rendered in the County Court at Law ruling on a motion filed in the District Court to contest a post judgment withdrawal order which originated in that court.

The jurisdiction to rule on a challenge to this type of post judgment order lies with the District Court which issued the order. *Cf. **Gen. Motors Acceptance Corp.***, 2008 WL 4822227, at *4. Whether the County Court at Law judge was acting on his own behalf or sitting for the judge of the District Court is unclear to us. Accordingly, since the order identifies the County Court at Law as the issuing court, we must conclude the County Court at Law acted on its own behalf rather than for the District Court. Therefore, we hold the trial court lacked subject matter jurisdiction to rule on Gilmer's motion. *Id.* Gilmer's first issue is sustained.[2]

**DISPOSITION**

Having sustained Gilmer's first issue, we ***vacate*** the trial court's order denying Gilmer's motion to rescind and ***remand*** the cause to the District Court for further consideration of the issue consistent with this opinion.

**GREG NEELEY**
Justice

Opinion delivered June 30, 2021.

---

[2] Because we conclude that the trial court lacked jurisdiction to consider Gilmer's motion, we do not consider Gilmer's nine remaining issues. *See* TEX. R. APP. P. 47.1.

*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 30, 2021**

**NO. 12-20-00123-CV**

**JOE MARLIN GILMER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law

of Van Zandt County, Texas (Tr.Ct.No. CR-15-00226)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that the court below was without subject matter jurisdiction, it is ORDERED, ADJUDGED, and DECREED by this Court that the **order** denying Appellant **JOE MARLIN GILMER'S** motion to rescind withdrawal order be **vacated** and the cause **remanded** to the 294th Judicial District Court of Van Zandt County, Texas, **for further proceedings** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*