COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| CECILIA LEGARRETA, | § | No. 08-11-00272-CV |
| Appellant, | § | Appeal from the |
| v. | § | 34th District Court |
| FIA CARD SERVICES, N.A., | § | of El Paso County, Texas |
| Appellee. | § | (TC#2011-472) |
| | § | |

# **O P I N I O N**

Appellant Cecilia Legarreta appeals from the trial court's order granting summary judgment in favor of Appellee FIA Card Services, N.A. We affirm.

## **BACKGROUND**

Appellee sued Appellant for breach of contract, open and stated account/debt, *quantum meruit* and unjust enrichment on February 9, 2011. At the time Appellee served Appellant with its original petition, Appellant was also served with requests for disclosure and admissions. On March 18, 2011, in response to Appellee's petition, Appellant filed a *pro se* reply letter with the El Paso County District Clerk stating that she did not think she owed the debt and that she had contacted Appellee's counsel for proof of indebtedness. Appellant did not respond to

Appellee's requests for disclosure or admissions at that time or at a later date.

Appellee subsequently moved for summary judgment relying upon twenty-four deemed admissions and the affidavit of Raven McRae, a custodian of records and authorized officer for FIA Card Services N.A. Appellant did not file a response to the summary judgment motion. At the summary judgment hearing on July 11, 2011, Appellant's husband was present, but she failed to appear. Mr. Legarreta stated that Appellant was scared and did not want to appear at court. The trial court pointed out that she did not have to appear and explained that the "worst thing" that could occur would be that a judgment would be entered against her. Appellee's motion for summary judgment based on the deemed admissions and McRae's affidavit was granted. The trial court entered a final judgment ordering that Appellee recover $35,176.85[1] from Appellant.

Appellant then moved for new trial. Appellant's motion for new trial was denied, and this appeal followed.

## DISCUSSION

On appeal, Appellant raises nineteen issues for our review. Specifically, she argues that the trial court erred by: (1) not requiring Appellee to establish that the statute of limitations had not expired on its cause of action (Issue One); (2) not requiring Appellee to establish that it had standing to sue (Issue Two); (3) failing to determine whether Appellant was given proper notice of the pleaded claims against her and of the summary judgment hearing (Issues Three, Eight, and Nine); (4) failing to make a finding that Appellant's letter to the district clerk was an answer where Appellant asserted that her letter was not an "answer" (Issues Four through Six); (5) not continuing the summary judgment hearing for further discovery (Issue Seven); (6) not allowing

---

[1] This amount was the amount sought and proved as owed on Appellant's account by McRae's affidavit.

2

Appellant's husband to intervene on her behalf and by not requiring Appellee to join Appellant's husband as an indispensable party (Issues Ten and Eleven); (7) granting summary judgment based on deemed admissions where the summary judgment evidence was incompetent and conclusory (Issues Twelve through Sixteen); (8) not requiring Appellee to prove the validity of the contract and that a contractual relationship existed between the parties (Issues Seventeen and Eighteen); and (9) granting summary judgment when Appellee failed to prove unliquidated damages (Issue Nineteen).

*Standard of Review*

We review a trial court's decision to grant a motion for summary judgment *de novo*. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012); *Juarez v. Longoria*, 303 S.W.3d 329, 330 (Tex. App. – El Paso 2009, no pet.). The party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). To determine if the non-movant raises an issue of fact, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)).

**Standing**

We begin by addressing Appellant's second complaint, which raises a jurisdictional issue. In Issue Two, Appellant argues that the trial court erred in granting Appellee's summary judgment motion in not requiring Appellee to establish that it had standing to sue and thus establish subject matter jurisdiction. Appellant also contends that the trial court was obligated

3

to ascertain whether subject matter jurisdiction existed even if the parties did not question it.

Although this complaint was not expressly presented to the trial court, subject matter jurisdiction can be raised for the first time on appeal. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). Likewise, standing, as a component of subject matter jurisdiction may be raised for the first time on appeal. *Id.* In order to determine a trial court's jurisdiction, an appellate court may presume the truth of plaintiff's good faith allegations. *Frost Nat. Bank v. Fernandez*, 315 S.W.3d 494, 502-03 (Tex. 2010); *Brannon v. Pac. Employers Ins. Co.*, 148 Tex. 289, 224 S.W.2d 466, 469 (1949). The plaintiff has the initial burden of pleading facts which affirmatively demonstrate the trial court's jurisdiction. *Texas Ass'n of Bus.*, 852 S.W.2d at 446; *County of El Paso v. Zapata*, 338 S.W.3d 78, 83 (Tex. App. – El Paso 2011, no pet.). Standing, as a component of subject matter jurisdiction, is also examined by construing the pleadings in a light favorable to the plaintiff. *Frost Nat. Bank*, 315 S.W.3d at 502-03; *Brown v. Todd*, 53 S.W.3d 297, 305 n.3 (Tex. 2001); *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995). *See also, Tex. Ass'n of Bus.,* 852 S.W.2d at 446.

Initially, we note that Appellant's brief does not provide a substantive argument contesting the trial court's jurisdiction, but only argues that Appellee failed to establish jurisdiction. However, a review of Appellee's first amended petition suggests otherwise. Specifically, Appellee alleged that:

> Venue is proper in this case because this is where the contract was signed, where the Defendant resides, or where the events giving rise to Plaintiff's claims occurred. TEX. CIV. PRAC. & REM. CODE §§ 15.002(a), 15.035(b). This Court has jurisdiction and venue over this claim pursuant to TEX. CIV. PRAC. & REM. CODE §§ 15.092(a) and 15.099 because it arises out of a contract to be performed in this county.

This language clearly forms the basis for the trial court's jurisdiction over the matter and we

presume the truth of Appellee's good faith allegations. *Frost Nat. Bank*, 315 S.W.3d at 502-03. The trial court had the discretion to presume the pleadings to be true absent a response to the contrary. *Id.*

Appellant also argues that the trial court erred by granting Appellee's summary judgment motion because it did not require Appellee to show that it had standing to file suit and asserts that Appellee lacked standing because it failed to prove how it came to possess the alleged account between Appellant and Bank of America. However, in its first amended petition Appellee states it was formerly known as, Bank of America, N.A. (USA), and alleges Appellant obtained a credit card from Appellee; Appellee created a credit card account for Appellant; Appellant entered into a credit card agreement with Appellee; Appellant used the credit card to purchase goods, services or take cash advances; and, Appellant defaulted in making payments on the account. When we construe these pleadings in a light favorable to the Appellee and presume them to be true, they support standing.

Additionally, we note that Appellant failed to file any motions challenging Appellee's pleadings, or to present any evidence to contradict the allegations in Appellee's pleadings. Because the applicable standard of review allows for a presumption of truth in favor of the allegations in the pleadings, we find that absent any evidence offered by Appellant contradicting the jurisdictional allegations made by Appellee, they are presumed to be true. *See Frost Nat. Bank,* 315 S.W.3d at 503. Having concluded that the trial court did not err in ascertaining that it had subject matter jurisdiction and that Appellee's pleadings established that it had standing to file suit, we overrule Issue Two.

## Preservation of Error

5

Appellee contends that Appellant has failed to preserve Issues One, Three, and Four through Nineteen for appellate review because she failed to raise these procedural and evidentiary objections to the trial court.    We agree.

We may not address issues that Appellant failed to properly present to the trial court. *See* TEX. R. APP. P. 33.1(a)(1)(A) (to preserve a complaint for appellate review, the record must show that a party complained to the trial court through a timely request, objection, or motion with sufficient specificity to make the trial court aware of the complaint, and the trial court made a ruling on the complaint); *Riyad Bank v. Al Gailani*, 61 S.W.3d 353, 356 n.2 (Tex. 2001) (when an argument is waived, an appellate court need not consider the merits of the claim).    The record reflects that none of the complaints raised in Appellant's Issue One, Three and Issues Four through Nineteen were specifically presented to the trial court through timely requests, objections, or motions.    Because Appellant failed to provide the trial court an opportunity to consider and rule upon her complaints, she has failed to preserve them for appellate review. *See id.*    We overrule Issues One and Three through Nineteen.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

September 18, 2013

Before McClure, C.J., Rivera, and Rodriguez, JJ.