Opinion issued January 25, 2007








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00178-CV






TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant


V.


RHONDA SUE STYRON, Appellee






On Appeal from County Criminal Court at Law No. 3 

Harris County, Texas

Trial Court Cause No. 1347318 






O P I N I O N


 Appellant, the Texas Department of Public Safety ("DPS"), challenges the
county criminal court's reversal of an administrative order authorizing DPS to
suspend the driver's license of appellee, Rhonda Sue Styron. The dispositive issue
in this case is whether a county criminal court in Harris County has subject matter
jurisdiction to review an administrative determination regarding the suspension of a
driver's license by DPS. Because we conclude that a county criminal court in Harris
County has no such subject matter jurisdiction, we vacate the order of the trial court
reversing the suspension of Styron's driver's license and dismiss the case. Background

 Harris County Precinct 7 Deputy Constable K. Rector stopped Styron in her
SUV on suspicion of driving while intoxicated ("DWI") after the deputy saw Styron
weaving within her own lane and weaving from lane to lane. Deputy Rector observed
that Styron was confused and crying. She admitted to the deputy that she had been
drinking. Deputy Rector also observed that Styron had an odor of alcohol on her
breath, her eyes were bloodshot, her speech was slurred, and her balance was
unstable. Based on these observations, Deputy Rector arrested Styron for DWI. 

 Officer J.R. Roberts, of the Houston Police Department, provided Styron with
the statutory warnings required by Transportation Code section 724.015. (1) Officer
Roberts also requested Styron to submit a breath specimen, which she refused. Based
on the refusal, Officer Roberts confiscated Styron's driver's license and gave Styron
a notice of suspension of her driver's license and a temporary driving permit. (2) Styron
contested the suspension and received an administrative hearing before an
administrative law judge ("ALJ"). At the conclusion of the hearing, the ALJ found
that DPS was authorized to suspend Styron's license. (3) 

 Styron sought judicial review of the ALJ's determination by filing a "Petition
of Appeal from Driver's License Suspension," which was heard by County Criminal
Court At Law No. 3 of Harris County. (4) At the hearing, the county criminal court
orally concluded that the evidence presented at the administrative hearing did not
support a finding by the ALJ that Deputy Rector had reasonable suspicion to stop
Styron, a finding necessary to support the suspension. (5) The county criminal court
signed an "Order Reversing Suspension of Rhonda Styron's Driver's License" in
which it recited that it reversed the ALJ's ruling and ordered that the "Order of
Suspension" be reversed. DPS appealed the order. 

 Because it is dispositive, we first determine whether County Criminal Court at
Law No. 3 had subject matter jurisdiction to review the administrative determination,
which authorized the suspension of Styron's driver's license.

Subject Matter Jurisdiction of the County Criminal Court


 Subject-matter jurisdiction concerns a court's power to hear a particular type
of suit. CSR Ltd. v. Link, 925 S.W.2d 591, 594 (Tex. 1996). In its opening brief, DPS
contended that County Criminal Court at Law No. 3 did not have subject matter
jurisdiction to review the ALJ's determination. In its reply brief, DPS expressly
abandoned this position, asserting that it had come to conclude that county criminal
courts in Harris County did in fact have subject matter jurisdiction over such matters. 

 Jurisdiction is a systemic requirement that is essential for a court to have
authority to decide a case, which cannot be waived or conferred by consent, and
which may be considered at any time. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 443-44 (Tex. 1993). If a trial court lacked subject matter jurisdiction,
then an appellate court has jurisdiction only to set the judgment aside and dismiss the
case. Juarez v. Tex. Ass'n of Sporting Officials El Paso Chapter, 172 S.W.3d 274,
278 (Tex. App.--El Paso 2005, no pet.); see also Tex. R. App. P. 43.2(e). For these
reasons, we must address whether County Criminal Court at Law No. 3 had subject
matter jurisdiction to review the ALJ's determination, despite DPS's current position
on this issue. See Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser, 140 S.W.3d 351, 358
(Tex. 2004) (recognizing that "a court is obliged to ascertain that subject matter
jurisdiction exists regardless of whether the parties have questioned it.").

 Our jurisdictional analysis begins with Transportation Code section 524.041,
which governs the procedure by which Styron sought judicial review of the ALJ's
decision to sustain her driver's license suspension. Section 524.041 provides, in
relevant part, as follows:

Appeal From Administrative Hearing



 (a) A person whose driver's license suspension is sustained may appeal the
decision by filing a petition not later than the 30th day after the date the
administrative law judge's decision is final. The administrative law judge's
final decision is immediately appealable without the requirement of a motion
for rehearing. 


 (b) A petition under Subsection (a) must be filed in a county court at law in the
county in which the person was arrested or, if there is not a county court at law
in the county, in the county court. . . . 

Tex. Transp. Code Ann. § 524.041 (Vernon 1999) (emphasis added). Styron
contends that County Criminal Court at Law No. 3 had subject matter jurisdiction
because it is "a county court at law," as required by section 524.041(b).

 Many Texas counties have county courts at law that have jurisdiction over both
civil and criminal matters. See Tex. Gov't Code Ann. § 25.0003(a) (Vernon Supp.
2006) ("A statutory county court has jurisdiction over all causes and proceedings,
civil and criminal, original and appellate, prescribed by law for county courts."). In
contrast, Harris County statutory county courts are divided into county civil courts
at law, county criminal courts, and statutory probate courts. See id. § 25.1031
(Vernon 2004) (dividing Harris County statutory county courts into four county civil
courts at law, fifteen county criminal courts, and four statutory probate courts). 

 Government Code section 25.1033 defines the jurisdiction of county criminal
courts in Harris County. That section provides that Harris County criminal courts
"ha[ve] the criminal jurisdiction provided by law for county courts and appellate
jurisdiction in appeals of criminal cases from justice courts and municipal courts in
the county." See id. § 25.1033(a) (Vernon 2004). No statutory provision grants
county criminal courts in Harris County jurisdiction over civil matters; rather,
qualifying civil matters are heard by one of the four county civil courts at law. (6) See
id. § 25.1032(a) (Vernon 2004) (defining jurisdiction of Harris Country civil courts
at law). 

 The legislature has defined a driver's license suspension proceeding as being
"a civil matter." See Tex. Transp. Code Ann. § 724.048(a)(1) (Vernon 1999); see
also Church v. State, 942 S.W.2d 139, 140 (Tex. App.--Houston [1st Dist.] 1997,
pet. ref'd) (holding that determination of whether driver operated motor vehicle while
intoxicated is criminal matter, while license suspension is civil matter, requiring only
probable cause to believe driver was driving while intoxicated). Because the
legislature has specifically made a driver's license suspension proceeding a civil
matter and has specifically limited the subject matter jurisdiction of Harris County
criminal courts to criminal cases, it follows that the legislature intended petitions for
judicial review of administrative determinations regarding driver's license
suspensions to be heard by one of the four civil county courts at law in Harris County. 
 In its reply brief, DPS contends that county criminal courts in Harris County
have jurisdiction to judicially review administrative determinations regarding driver's
license suspensions. DPS acknowledges that "[t]he plain language of Section
25.1033 appears to limit the Harris County Criminal Courts at Laws' jurisdiction to
hear only criminal cases." Nonetheless, DPS contends that Harris County criminal
courts have "jurisdiction to hear civil matters that are ancillary to their criminal
jurisdiction," based on "the legislative history of the 2001 amendment to Section
25.1033." DPS asserts that we should apply the statutory construction aids listed in
section 311.023 of the Code Construction Act to determine legislative intent
regardless of whether, as here, the statutory language is unambiguous. See Tex.
Gov't Code Ann. § 311.023 (Vernon 2005).

 The Supreme Court of Texas has recently spoken on this issue in Alex
Sheshunoff Management Services, L.P. v. Johnson, No. 03-1050, 2006 WL 2997287,
at *6 (Tex. Oct. 20, 2006). The Supreme Court opined that the "enacted language is
what constitutes the law, and when a statute's words are unambiguous and yield a
single inescapable interpretation, the judge's inquiry is at an end." Id. The court
made clear that only when the "enacted language is nebulous" may a court
"cautiously consult legislative history to help divine legislative intent." Id. The court
explained, "We say cautiously because while the Code Construction Act expressly
authorizes courts to use a range of construction aids, including legislative history,
Tex. Gov't Code § 311.023, we are mindful that over-reliance on secondary
materials should be avoided, particularly where a statute's language is clear." Id. at
n.4. The supreme court clarified, "If the text is unambiguous, we must take the
Legislature at its word and not rummage around in legislative minutiae." Id. Because
the text is unambiguous, we decline DPS's invitation to determine the legislative
history of section 25.1033. See id. Rather, we are bound by the plain language of
section 25.1033, which limits jurisdiction of Harris County criminal courts to criminal
matters. 

 If it had intended county criminal courts in Harris County to judicially review
such administrative determinations, the legislature could have expressly given those
courts concurrent jurisdiction with the county civil courts at law over such matters. 
This is illustrated by Government Code section 25.0593, which defines the
jurisdiction of county criminal courts in Dallas County. That section provides, 

 A county criminal court in Dallas County has the criminal jurisdiction, original
and appellate, provided by the constitution and law for county courts and
concurrent jurisdiction with county courts at law for Dallas County to hear
appeals of the suspension of driver's licenses and original proceedings
regarding occupational driver's licenses.

Id. § 25.0593(a) (Vernon 2004) (emphasis added). 

 We conclude that county criminal courts in Harris County do not have subject
matter jurisdiction to judicially review administrative determinations regarding
driver's license suspensions. Accordingly, we hold that County Criminal Court at
Law No. 3 lacked the subject matter jurisdiction to determine whether the ALJ
properly sustained DPS's suspension of Styron's driver's license.

Conclusion


 As mentioned, if a trial court lacked subject matter jurisdiction, as here, then
an appellate court only has jurisdiction to set the judgment aside and dismiss the case. 
See Juarez, 172 S.W.3d at 278; see also Tex. R. App. P. 43.2(e). Therefore, we
vacate the order of the trial court reversing the suspension of Styron's driver's license
and dismiss the case. See Tex. R. App. P. 43.2(e). (7)





 Laura Carter Higley

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley.
1. See Tex. Transp. Code Ann. § 724.015 (Vernon Supp. 2006).
2. See id. § 724.032 (Vernon Supp. 2006); see also id. § 724.035 (Vernon Supp. 2006)
(requiring DPS to suspend person's driver's license if person refuses peace officer's
request to submit to taking of breath specimen). 
3. See id. §§ 724.041, 724.043 (Vernon Supp. 2006).
4. Styron filed the petition with the Harris County district clerk's office. See Tex.
Gov't Code Ann. § 25.1033(l) (Vernon 2004) ("The district clerk serves as clerk of
a county criminal court at law."). The district clerk apparently assigned the cause to
the same county criminal court to which the criminal DWI case against Styron had
been assigned.
5. See Tex. Transp. Code Ann. §§ 724.042.-.043 (Vernon Supp. 2006).
6. Probate matters are filed with one of Harris County's four probate courts. See Tex.
Gov't Code Ann. § 25.0003(e) (Vernon Supp. 2006) ("In a county that has a
statutory probate court, a statutory probate court is the only county court created by
statute with probate jurisdiction.").
7. In its second issue, DPS contended that the county criminal court erred by reversing
the administrative determination because such determination was supported by
substantial evidence. Having held that County Criminal Court at Law No. 3 had no
subject matter jurisdiction, we do not reach DPS's second issue.