IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00297-CV

 

IN THE
MATTER OF THE Estate of 

John A.
Teinert, Deceased

                                                                                    

 

 

 



From the County Court at Law

Coryell County, Texas

Trial Court No. 5115

 



Opinion



 








            Laurance Kriegel, an alleged
descendant of John A. Teinert, appeals from the trial court’s refusal to
appoint him as executor of Teinert’s Estate though the will was probated and
the estate administered nearly thirty years ago.  The Clerk of this Court
notified Kriegel by letter dated October 2, 2007 that the appeal was subject to
dismissal for want of jurisdiction because it appeared that the trial court did
not have jurisdiction to consider his application for appointment as executor
and that the appeal may be dismissed unless a response was filed showing grounds
for continuing the appeal.  Because the Court has not received an adequate
response, we will dismiss the appeal.

 

Background

            Teinert died in 1977.  His will was
probated in 1978 and there was an independent administration of the estate. 
The independent executor paid the bills and distributed the assets within
approximately one year but never filed an affidavit to close the administration
of the Estate.  Nor was an order ever entered formally closing the Estate. 
Kriegel alleges in his application for appointment as executor that all of the
mineral interests held by the Estate were not distributed.  Kriegel’s complaint
apparently concerns a dispute about the percentage of royalty interests held by
the various devisees.

            At the hearing on Kriegel’s application,
the trial court advised Kriegel that she would not reopen the Estate and that
he should pursue his complaint in a separate legal proceeding.  She later
signed an order closing the Estate, and Kriegel filed this appeal.

Applicable Law

            By statute, a decedent’s estate with
an independent executor can be closed by the independent executor’s filing of
an affidavit or by a court order.  See Tex.
Prob. Code Ann. §§ 151, 152 (Vernon 2003); Interfirst Bank-Houston,
N.A. v. Quintana Petroleum Corp., 699 S.W.2d 864, 873 (Tex. App.—Houston
[1st Dist.] 1985, writ ref’d n.r.e.).  However, these are not the exclusive
means to effectuate the closing of the decedent’s estate.  Therefore, “[s]ince
the closing procedures provided by Sections 151 and 152 are not mandatory, the
final distribution of an estate’s assets after all debts and claims against the
estate are paid results in the closing of the estate.”  Interfirst Bank,
699 S.W.2d at 874.

            

Application

            In response to the Clerk’s October 2
notice letter, Kriegel has filed: (1) a “Motion to Review” the October 2 notice
letter; (2) a Motion to Add Parties; (3) a Motion for Leave to Amend to Add
Parties; (4) a Motion to Order Plains Marketing, L.P. and Pioneer Natural
Resources USA, Inc. to Renew Division Orders; (5) an Amended Motion to Add
Parties; (6) two volumes of Data to Support the Need to be Appointed
Independent Executor;[1] and
(7) a Motion to Set Hearing (to appoint Kriegel as executor and to add
defendants).

            The only one of these documents
arguably responsive to the Clerk’s notice letter is the first.  In that motion,
Kriegel contends that section 154 of the Probate Code authorizes the
appointment of an independent executor “to oversee” the Estate and that an
“executor has not been appointed previously in this Cause of Action and others
have not presented documents for qualification.”

            However, Kriegel fails to recognize
that an independent executor was appointed when Teinert’s will was probated and
that the Estate closed by operation of law when the independent executor paid
the bills and distributed the assets, nearly thirty years ago.  See Interfirst
Bank, 699 S.W.2d at 874.  Therefore, the trial court had no jurisdiction to
take any further action with regard to the probate of Teinert’s Estate.

            “If a trial court lacked subject
matter jurisdiction, then an appellate court has jurisdiction only to set the
judgment aside and dismiss the case.”  Tex. Dep’t of Pub. Safety v.
Styron, 226 S.W.3d 576, 579 (Tex. App.—Houston [1st Dist.] 2007, no pet.); accord
Gantt v. Gantt, 208 S.W.3d 27, 31 (Tex. App.—Houston [14th Dist.] 2006,
pet. denied); Aguilar v. Weber, 72 S.W.3d 729, 731 (Tex. App.—Waco 2002,
no pet.).

Conclusion

            Because the trial court had no
jurisdiction to take any further action with regard to Teinert’s Estate, this Court
has jurisdiction only to dismiss the appeal.  See Styron, 226 S.W.3d at
579; Gantt, 208 S.W.3d at 31; Aguilar, 72 S.W.3d at 731. 
Accordingly, the appeal is dismissed.

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief Justice Gray dissents noting that the
appellant’s allegation is that all the assets of decedent have not been
distributed.  I generally agree with the law as stated by the majority, but
neither the trial court, nor this Court, has determined that all the assets
were distributed unless the trial court made that determination in connection
with its recent order closing the estate, an order Kriegel timely appealed to
challenge that determination.  Thus, I believe that, on the record before us and
the allegations made, we must determine if the trial court was correct in
determining that all the assets of the estate have been distributed.  While the
result may be correct, we are simply not in the position to conclude that all
the assets of the estate were distributed and that the estate was, therefore,
as a matter of law closed, so I must respectfully dissent.)

Appeal dismissed

Opinion delivered and
filed January 9, 2008

[CV06]

 

 









[1]
              These volumes appear to
contain various documents related to two proceedings Kriegel filed with the
Railroad Commission in December 2007.