CORRECTED: OCTOBER 1, 2019
RENDERED: SEPTEMBER 26, 2019
TO BE PUBLISHED

𝔖upreme 𝔠ourt of 𝔎entucky FINAL

2019-SC-000212-WC

DATE /0-22-19 By G+I

TRYON TRUCKING, INC.                                                    APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.               CASE NO. 2018-CA-001076-WC
WORKER'S COMPENSATION BOARD NO. 14-WC-00873

RANDY MEDLIN,                                                          APPELLEES
HON. BRENT E. DYE, ADMINISTRATIVE
LAW JUDGE,
WORKERS' COMPENSATION BOARD,
DAVID O. GRIFFITH,
DAVID O. GRIFFITH, d/b/a
DAVID GRIFFITH TRUCKING,
ORLA L. SMITH d/b/a O.L. SMITH
TRUCKING,
COMMONWEALTH OF KENTUCKY,
UNINSURED EMPLOYERS FUND
and
MIKRON INDUSTRIES

**OPINION OF THE COURT BY JUSTICE BUCKINGHAM**

**AFFIRMING**

Tryon Trucking, Inc., appeals from an opinion of the Court of Appeals

affirming a Workers' Compensation Board (Board) opinion that affirmed in part,

vacated in part, and remanded the opinion and order of the Administrative Law

Judge (ALJ) for further findings of fact concerning whether Tryon was,

pursuant to KRS[1] 342.610(2), an up-the-ladder employer of Randy Medlin, who suffered a work-related injury while driving a tractor-trailer truck leased by Tryon from David O. Griffith.

Tryon contends that the portion of the ALJ's opinion and order finding that Tryon was not an "up-the-ladder" employer pursuant to KRS 342.610(2) was based on substantial evidence and, accordingly, pursuant to the applicable standards of review, the Board erred when it remanded the decision to the ALJ with a request for further findings of fact rather than affirming the ALJ's decision.

Because we agree with the Board and conclude that the ALJ's determination that Tryon was not an up-the-ladder employer of Medlin was based upon a misconstruction of *Uninsured Employers' Fund v. Ritchie*, No. 2012-SC-00746-WC, 2014 WL 1118201 (Ky. Mar. 20, 2014), we affirm the Board and Court of Appeals' decisions to remand the case to the ALJ for a reexamination based upon a correct construction of that decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 25, 2013, Medlin suffered multiple serious work-related injuries in a motor vehicle accident while driving a tractor-trailer truck leased by Tryon, including an injury which required amputation of his left leg below the knee, hearing loss, and numerous laceration injuries. At the time of the accident, Medlin was operating a truck owned by David O. Griffith, who was determined by the ALJ to be Medlin's employer at the time of the accident.

---

[1] Kentucky Revised Statutes.

2

Griffith, whose business is located in Corbin, Kentucky, owned several tractor-trailer trucks that he leased to Tryon pursuant to a 2013, "Equipment and Service Agreement Between Independent Contractor (David O. Griffith) and Carrier (Tryon)."

On this occasion Griffith had leased the truck to Tryon and had hired Medlin, whom he often used as a driver, to drive a cargo of windows owned by Mikron Industries, Inc., to Texas. Griffith believed he had hired Medlin as an independent contractor and that, therefore, Medlin was not his employee. It is now uncontested that Griffith was Medlin's employer at the time of the accident.

Tryon, a Pennsylvania company, is a company whose business model is to contract with businesses needing cargo moved by truck (such as Mikron), then contract to lease semi-trucks from trucking operators (such as Griffith), and then coordinate the transportation of the cargo in the trucks it leases. Thus, Tryon is both a transportation broker that locates cargo in need of hauling and a carrier, though its carrier operations are not performed through its own trucks and employees but rather by the equipment and employees of third-party trucking firms.

The end result is that Tryon is the intersection between those who need cargos hauled and trucking operators looking for loads to haul. Under this model Tryon has a contract with both of those parties. In contrast to other business models, Tryon does not simply bring the cargo owner and trucking company together for those two third-parties to contract between themselves to complete the haul; rather, Tryon further interjects itself into the process by leasing the equipment that will accomplish the hauling job.

3

As a result of his work-related accident, Medlin filed a claim for benefits with the Department of Workers' Claims. In his claim Medlin alleged that his employers at that time of the accident were David O. Griffith d/b/a David Griffith Trucking; David E. Griffith d/b/a David Griffith Trucking; O.L. Smith Trucking; and Tryon[2]. When it became apparent that there might not be workers' compensation coverage available through any of these entities, Medlin added the Uninsured Employers' Fund (UEF) as a party. Medlin later added Mikron, the owner of the cargo that Medlin was transporting, as an alleged employer. Each alleged employer contended that Medlin was either not its employee at the time of the accident or that he was driving as an independent contractor.

Medlin's case was initially assigned to ALJ Otto Wolff. At the outset of the proceedings, Tryon filed a motion requesting that ALJ Wolff resolve whether any of the defendants were Medlin's employer before the claim proceeded any further. On January 11, 2016, ALJ Wolff entered an "Interlocutory Opinion and Order" addressing Medlin's employment status concerning the potential employers named in the litigation. In the order ALJ Wolff found that Medlin was an employee and not an independent contractor on the day of the accident; that David O. Griffith was Medlin's employer and did not have workers' compensation insurance coverage when the accident occurred; and that the facts did not support a finding that either Tryon or Mikron was a statutory "up-the-ladder" employer under KRS 342.610(2).

---

[2] Based upon the issues before us, David Griffith Trucking, David E. Griffith, and O.L. Smith Trucking have no further relevance to our review.

In his decision ALJ Wolff cited extensively to this Court's unpublished opinion in *Uninsured Employers' Fund v. Ritchie*, No. 2012-SC-00746-WC, 2014 WL 1118201 (Ky. Mar. 20, 2014),[3] in support of his conclusion that neither Tryon nor Mikron had up-the-ladder responsibility as an employer. ALJ Wolff stated that "[t]he facts and working relationships in this claim are *almost identical* to the facts and working relationships addressed in [*Ritchie*]." (emphasis added). It is ALJ Wolff's extensive reliance on this decision and his finding that the two cases are "almost identical," and the Board's disagreement with his interpretation of the case and its conclusion that the cases are not "almost identical," that resulted in the Board's remand for additional findings of fact and discussion by ALJ Wolff's successor, ALJ Brent Dye.

ALJ Wolff further found that Griffith was liable for payment of Medlin's workers' compensation benefits and that if Griffith either did not pay the benefits or filed bankruptcy, then the UEF would be liable to pay Medlin's benefits.

Following ALJ Wolff's analysis and resolution of Medlin's employment status, the proceeding was assigned to ALJ Brent Dye. ALJ Dye conducted a hearing on the merits of Medlin's entitlement to benefits under the Workers' Compensation Act and issued an opinion, award, and order on October 30, 2017. In that opinion, among other things, ALJ Dye determined that, pursuant to *Bowerman v. Black Equipment Co.*, 297 S.W.3d 858, 867 (Ky. App. 2009), there was no new evidence, fraud, or mistake that would require him to modify

---

[3] ALJ Wolff stated in his decision that" [t]his unpublished opinion is cited and reviewed for guidance not authority." *See* Kentucky Rules of Civil Procedure (CR) 76.28(4)(c).

ALJ Wolff's findings concerning the lack of any up-the-ladder liability on the part of Tryon or Mikron. Thus, ALJ Dye adopted ALJ Wolff's analysis of those issues.

Upon the UEF's appeal to the Board, the Board issued an opinion on June 22, 2018, affirming in part, vacating in part, and remanding certain issues back to the ALJ to make further findings of fact. Regarding the alleged up-the-ladder liability of Tryon, the Board concluded that there were significant differences between the *Ritchie* case and the current case that had not been examined by either of the ALJs. More specifically, the Board determined that ALJ Wolff's statement that "[t]he facts and working relationships in this claim are almost identical to the facts and working relationships" in *Ritchie* was "a mistake of fact with respect to Tryon that compels a second look by ALJ Dye."

The Board vacated the portions of ALJ Wolff's January 11, 2016 order and Judge Dye's October 30, 2017 order that had found Tryon was not an up-the-ladder contractor and had dismissed Tryon as a party from the case. The Board directed ALJ Dye on remand to "fully address the distinctions between *Ritchie* and the case *sub judice* with respect to Tryon in the context of a renewed analysis of Tryon's up-the-ladder liability pursuant to KRS 342.610(2)."

With regard to the alleged up-the-ladder liability of Mikron, the owner of the cargo, the Board affirmed the earlier ALJ decisions and found that substantial evidence existed to support the conclusion that Mikron was not an up-the-ladder employer under the facts presented in this case. The Board cited the similarities between the facts in *Ritchie* and this case regarding Mikron.

6

Tryon and the UEF appealed the Board's decision to the Court of Appeals. Upon appeal Tryon argued that the Board erred by disturbing the portion of the ALJ's opinion and order finding that Tryon was not an "up-the-ladder" employer pursuant to Kentucky KRS 342.610(2). Tryon asserted that the ALJ's opinion and order was based on substantial evidence and, accordingly, the Board erred when it remanded the decision to the ALJ with a request for further findings of fact rather than affirming that decision. UEF argued that the Board erred in affirming the portion of the ALJ's opinion finding that Mikron was not an "up-the-ladder" employer pursuant to KRS 342.610(2), alleging that Mikron was able to impermissibly avoid up-the-ladder responsibility under the statute by electing to subcontract their delivery responsibilities.

The Court of Appeals upheld the Board's decision. This appeal by Tryon followed. The UEF has not further challenged the status of Mikron in this proceeding.

## II. STANDARD OF REVIEW

The well-established standard of review for the appellate courts of a workers' compensation decision "is to correct the [Workers' Compensation] Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *E.g., Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992); *Butler's Fleet Serv. v. Martin*, 173 S.W.3d 628, 631 (Ky. App. 2005); *Wal-Mart v. Southers*, 152 S.W.3d 242, 245 (Ky. App. 2004). *See also Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986) (if the fact-finder finds in favor of the person having the

7

burden of proof, the burden of appeal is only to show that there was some substantial evidence to support the decision); *cf. Gray v. Trimmaster*, 173 S.W.3d 236, 241 (Ky. 2005) (if the ALJ finds against the party having the burden of proof, the appellant must "show that the ALJ misapplied the law or that the evidence in her favor was so overwhelming that it compelled a favorable finding").

In upholding the Board's decision to remand the case for additional findings and analysis concerning the *Ritchie* case, the Court of Appeals stated as follows:

> In this case, Tryon has failed to persuade us how the Board has committed reversible error in concluding that further factual findings and analysis were required. While the ALJ is the finder of fact and the Board is prohibited from substituting its judgment for that of the ALJ regarding the weight of the evidence on questions of fact, this Court has plainly stated that "the Workers' Compensation Board has the absolute discretion to request further findings of fact from an ALJ." *Campbell v. Hauler's Inc.*, 320 S.W.3d 707, 708 (Ky. App. 2010).

*Tryon Trucking, Inc. v. Medlin*, 2019 WL 1422910, at *3 (Ky. App. 2019).

We disagree with the *Campbell* holding and therefore the Court of Appeals' citation to it in this case, insofar is it states that the "Board has the *absolute* discretion to request further findings of fact from an ALJ." *Id.* at 708 (emphasis added). If the ALJ has made all necessary findings to resolve the issue at hand and the Board has erred in remanding for additional, unneeded findings that would be of no additional value in resolving the issues in the case, if for no other reason than judicial economy alone, that decision, just as any other, is subject to review and reversal by the appellate courts.

Therefore, while we agree that the Board should have wide latitude and deference in whether to remand a particular issue to the ALJ for additional

8

findings and analysis, we overrule *Campbell* to the extent it confers the Board with "absolute discretion" to do so. Rather, like any other issue in a workers' compensation proceeding, the appellate courts may review the Board's decision to remand to the ALJ for error, taking into consideration, however, the Board's wide discretion to do so.

Thus, we do not in this case summarily affirm the Court of Appeals based upon the holding in the *Campbell* case. Rather, as always, we assess the Board's decision to remand based upon whether it has "overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly,* 827 S.W.2d at 687-88.

### III. THE BOARD PROPERLY REMANDED THE CASE TO THE ALJ FOR ADDITIONAL FINDINGS CONCERNING THE APPLICATION OF *RITCHIE*

Applying the standards described above, Tryon contends that the ALJ's opinion was based on substantial evidence and, accordingly, should have been affirmed by the Board and that the Board exceeded its authority by vacating and remanding to the ALJ for further findings of fact.

Tryon also contends that pursuant to the standards contained in *Western Baptist Hosp. v. Kelly, supra.,* and the up-the-ladder standards as stated in *General Electric Company v. Cain,* 226 S.W.3d 579 (Ky. 2007), there has been no substantive determination that incorrect binding legal precedent was utilized by the ALJ or any indication that any error was made by the ALJ. Further, Tryon contends that the ALJ correctly found there was no persuasive proof that Tryon would use, or be expected to use, its employees to actually

transport products. Tryon therefore asserts it was not an "up-the-ladder"

statutory employer.

The applicable statute regarding up-the-ladder employers is KRS

342.610(2), which states the following:

> A contractor who subcontracts all or any part of a contract and his or her carrier shall be liable for the payment of compensation to the employees of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured the payment of compensation as provided for in this chapter. Any contractor or his or her carrier who shall become liable for such compensation may recover the amount of such compensation paid and necessary expenses from the subcontractor primarily liable therefor. A person who contracts with another:
>
> . . . .
>
> To have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such person shall for the purposes of this section be deemed a contractor, and such other person a subcontractor.

Therefore, to be liable for Medlin's work injuries as an up-the-ladder

employer, KRS 342.610(2) requires that Tryon must have contracted with

Medlin's employer, Griffith, to have work performed of a kind which "is a

regular or recurrent part" of Tryon's trade or business. *See id.*

In *Cain* we defined the phrase "regular or recurrent" as follows:

> Work of a kind that is a "regular or recurrent part of the work of the trade, business, occupation, or profession" of an owner does not mean work that is beneficial or incidental to the owner's business or that is necessary to enable the owner to continue in business, improve or expand its business, or remain or become more competitive in the market. It is work that is customary, usual, or normal to the particular business (including work assumed by contract or required by law) or work that the business repeats with some degree of regularity, and it is of a kind that the business or similar businesses would normally perform or be expected to perform with employees.

*Cain*, 236 S.W.3d at 588 (internal citations omitted).

10

At the center of the dispute is the proper interpretation of the *Ritchie* case and how the counterparts and business models in that case match up with the interplay between Tryon, Griffith, and Mikron in this case.

In *Ritchie*, the injured employee, Ritchie (the counterpart to Medlin), was employed as a truck driver for United, Inc. (the counterpart to Griffith). While hauling a load of goods cross country, Ritchie was injured in an accident. The goods Ritchie was transporting at the time of the accident included a sign manufactured by Image Point (the counterpart to Mikron). *Id.* at *1.

Image Point had contracted with Interchez (the counterpart to Tryon) to arrange for delivery of the sign. Like Tryon, Interchez did not itself own any trucks or other transportation modes. Instead, like Tryon, it found independent shipping companies to haul cargo on behalf of its clients. *Id.* Unlike Tryon, however, Interchez did not lease the trucks of the carriers who won the bidding procedure. The distinction between the two cases appears to revolve around this single point.

Ritchie filed for workers' compensation benefits as an employee of United. As Griffith did here, United argued that Ritchie was actually an independent contractor, that therefore it did not carry workers' compensation coverage for him, and that the UEF was properly a defendant to the action. *Id.*

In *Ritchie* the ALJ found that United was Ritchie's employer and that Ritchie was entitled to workers' compensation benefits. The Board issued a decision affirming Ritchie's workers' compensation award, but it reversed the ALJ's determination that Image Point and Interchez were up-the-ladder employers.

11

The Court of Appeals affirmed the Board. Upon review concerning Interchez, we held as follows:

> [T]here is also no evidence that Interchez was ever equipped with the skilled manpower or tools to actually ship products. Interchez is only a conduit to connect manufacturers with shipping companies. We agree with the Court of Appeals that Interchez and Image Point are not Ritchie's up-the-ladder employers.

*Id.* at 3.

As relevant here, the most significant part of our *Ritchie* analysis is our conclusion that "there is also no evidence that Interchez was ever equipped with the skilled manpower or tools to actually ship products. Interchez is only a conduit to connect manufacturers with shipping companies."

The similarities between Tryon and Interchez is undercut in that "Interchez is *only* a conduit to connect manufacturers with shipping companies." (emphasis added). In the case of Tryon, however, that is not so clear. Tryon, rather than being only a conduit to connect manufacturers and shipping companies, also leases the tractor-trailer that hauls the cargo, thus deviating from the business model followed by Interchez. The distinction between the two cases is further explained by the Board:

> In the case *sub judice*, Mikron, like Image Point, is a manufacturer of goods. As held by the Supreme Court in <u>Ritchie</u>, "while shipping was regular and recurring, there is no evidence that Image Point, or a similar business, would use or be expected to use its own employees to perform that task." <u>Id.</u> Withrow, Mikron's designated representative, testified Mikron does not own trucks, and all of its shipping is outsourced. As substantial evidence supports ALJ Wolff's interlocutory determination, adopted by ALJ Dye, that Mikron was not an up-the-ladder employer of Medlin at the time of his accident, we affirm.

> That said, there are several distinctions between <u>Ritchie</u> and the case *sub judice* with respect to Tryon that were not considered by ALJ Wolff or ALJ Dye. While this Board is not a fact-finding

12

tribunal, we feel compelled to address the most significant distinctions.

In Ritchie, Interchez acted as "a conduit to connect manufacturers with shipping companies." Id. It served "as an electronic and telephonic switchboard for the posting, coordination, scheduling and exchange of information regarding the timetables for an availability of potential hauls." Id. at 2. In the case sub judice, the testimony of Smith and David E. establish they, collectively acting as Tryon's agent, were the ones to coordinate and dispatch hauls. They acted as a "broker" between customers such as Mikron and the motor carrier Tryon.

In Ritchie, "there is no evidence Interchez leased, owned or operated any trucks for us in transportation or was physically responsible for the shipping and delivery of products." Id. In the case sub judice, the deposition testimony of Rother, David E., and David O. indicate Tryon leased trucks. The lease agreement for the truck Medlin drove at the time of his accident is in the record.

ALJ Wolff described the business models of Tryon and Interchez as being "almost identical." While there are similarities, there is also the significant difference described above. Therefore, the purpose of the Board's decision was to remand the case and have the ALJ, as the fact-finder in the case, reconsider its ruling based upon the correct premise that while substantially similar, the two business models are not, as originally portrayed, "almost identical," and rule in the first instance whether that factual difference produces a different result in the ALJ's up-the-ladder analysis.

As noted by the Board, the ALJ failed to analyze the significant factual difference that exists between the two cases. In Ritchie it was clear that Interchez had not "leased, owned or operated any trucks for use in transportation or was physically responsible for the actual shipping and delivery of goods and merchandise other than through contacting a broker," while the evidence in the present case indicates that Tryon had leased the semi-truck involved in the accident at issue. See Ritchie at *2.

13

These factual differences between Tryon and Interchez are significant and therefore central to the analysis of the contested issue of whether Tryon met the "regular or recurrent" statutory requirement under KRS 342.610(2). The ALJ's failure to acknowledge this factual difference could reasonably have led the Board to believe that the ALJ had the mistaken belief that the facts in *Ritchie* are more closely aligned to the facts in this case than they actually are.

As previously stated, our reviewing function is to correct the Board only where we find it has "committed an error in assessing the evidence so flagrant as to cause gross injustice." *Kelly*, 827 S.W.2d at 688. Here, because of the factual error present in the original ALJ analysis, we find no such error by the Board. We affirm the Court of Appeals' affirmance of the Board's opinion and order remanding the case to the ALJ for additional findings of fact reconciling the proof in this proceeding with *Ritchie*.

## CONCLUSION

For the foregoing reasons, the opinion of the Court of Appeals is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Kelley Diane Gray
POHL & AUBREY, P.S.C.

COUNSEL FOR APPELLEE, RANDY MEDLIN:

John F. Kelley, Jr.
William & Towe Law Group, PLLC

COUNSEL FOR APPELLEE, WORKERS' COMPENSATION BOARD:

Michael W. Alvey

COUNSEL FOR APPELLEE, DAVID O. GRIFFITH and DAVID O. GRIFFITH

d/b/a DAVID GRIFFITH TRUCKING:

James A. Ridings
Hamm, Milby & Ridings, PLLC

COUNSEL FOR APPELLEE, ORLA L. SMITH d/b/a O.L. SMITH TRUCKING:

David Howard

COUNSEL FOR APPELLEE, COMMONWEALTH OF KENTUCKY, UNINSURED EMPLOYERS' FUND:

Charles Davis Batson
Assistant Attorney General

COUNSEL FOR APPELLEE, MIKRON INDUSTRIES:

Kimberly K. Van Der Heiden
Van Der Heiden Law Firm, PLLC

Hon. Brent E. Dye, Administrative Law Judge
Not Represented by Counsel

# Supreme Court of Kentucky

2019-SC-000212-WC

TRYON TRUCKING, INC.                                          APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.                      CASE NO. 2018-CA-001076-WC
WORKER'S COMPENSATION BOARD NO. 14-WC-00873


RANDY MEDLIN,                                                APPELLEES
HON. BRENT E. DYE, ADMINISTRATIVE
LAW JUDGE,
WORKERS' COMPENSATION BOARD,
DAVID O. GRIFFITH,
DAVID O. GRIFFITH, d/b/a
DAVID GRIFFITH TRUCKING,
ORLA L. SMITH d/b/a O.L. SMITH
TRUCKING,
COMMONWEALTH OF KENTUCKY,
UNINSURED EMPLOYERS FUND
and
MIKRON INDUSTRIES


## ORDER CORRECTING


The Opinion of the Court rendered on September 26, 2019 is corrected

on its face by substitution of the attached Opinion in lieu of the original

Opinion.

Said correction does not affect the holding of the original Opinion of the Court.

ENTERED: October 1, 2019

_____
C̶H̶I̶E̶F̶ JUSTICE

2