**Reversed and Remanded and Memorandum Opinion filed March 21, 2023.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-22-00318-CV

## ASGHAR MICHAEL MORTAJI, Appellant

## V.

## PARKING MANAGEMENT COMPANY, Appellee

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1180209**

## MEMORANDUM OPINION

Pro se appellant Asghar Michael Mortaji appeals from the trial court's order dismissing appellee Parking Management Company's request for a trial de novo for lack of jurisdiction. Because the trial court had jurisdiction over appellee's appeal, we reverse the dismissal order and remand for further proceedings.

### BACKGROUND

Mortaji resided in the One Orleans Place condominiums. Mortaji had a

2001 Hyundai Elantra and he had a resident parking decal on this car. Mortaji's vehicle was towed by Parking Management Company on November 8, 2021. According to Mortaji, his car was parked in a resident parking space when it was towed. Mortaji's car was taken to American Auto Storage. Mortaji got his car out of storage on November 19, 2021. Mortaji paid $300 for the cost of the tow and storage of his vehicle.

Mortaji filed a request for a tow hearing in Harris County Justice Court on December 3, 2021. *See* Tex. Occ. Code Ann. § 2308.453. On December 20, 2021, the justice court, concluding that there was no probable cause for Mortaji's car to be towed, awarded Mortaji reimbursement of fees paid for towing and storage, as well as court costs. *See id.* § 2308.458(e). On January 10, 2022, Parking Management Company appealed to Harris County Civil Court at Law Number 4 for a trial de novo. *See id.* § 2308.459; Tex. R. Civ. P. 506.1., 506.3.

The trial court eventually called the case for trial. Parking Management Company made an oral motion to dismiss for lack of jurisdiction because, in its view, Mortaji did not timely file his request for a tow hearing in the justice court. The trial court determined that the deadline for filing a request for a tow hearing is jurisdictional. It then found that Mortaji filed his request late which deprived the trial court of jurisdiction. The trial court then dismissed the case for lack of jurisdiction. This appeal followed.

## ANALYSIS

Mortaji challenges the trial court's dismissal order in six issues. In issue 2, Mortaji argues that the trial court erred when it determined that the 14-day deadline for filing a request for a tow hearing was jurisdictional. We agree with Mortaji that the 14-day deadline is not jurisdictional.

2

Subject-matter jurisdiction is "essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). A court acting without such power commits fundamental error that we may review for the first time on appeal. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013). All courts bear the affirmative obligation to ascertain that subject-matter jurisdiction exists regardless of whether the parties have questioned it. *Id.*; *see also Nunu v. Risk*, 567 S.W.3d 462, 465 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) ("An appellate court must determine de novo whether it has jurisdiction over an appeal, even if it must do so sua sponte."). Because subject-matter jurisdiction is a question of law, our review is de novo. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). If a trial court lacked subject-matter jurisdiction, then an appellate court has jurisdiction only to set the judgment aside and dismiss the appeal. *See Texas Dept. of Pub. Safety v. Styron*, 226 S.W.3d 576, 579 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A county court at law lacks jurisdiction on appeal de novo unless the justice court had jurisdiction. *Goggins v. Leo*, 849 S.W.2d 373, 375 (Tex. App.—Houston [14th Dist.] 1993, no writ). We also review issues of statutory interpretation de novo. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam).

Under the Texas Towing and Booting Act, "[t]he owner or operator of a vehicle that has been removed and placed in a vehicle storage facility or booted without the consent of the owner or operator of the vehicle is entitled to a hearing on whether probable cause existed for the removal and placement or booting." Tex. Occ. Code Ann. § 2308.452. The statute also provides a timeframe in which a party must request a hearing. It provides that the party challenging a tow "must deliver a written request for the hearing to the court before the 14th day after the date the vehicle was removed and placed in the vehicle storage facility or

booted, excluding Saturdays, Sundays, and legal holidays." *Id.* at § 2308.456(a). The statute further provides that "[a] person who fails to deliver a request in accordance with Subsection (a) waives the right to a hearing." *Id.* at § 2308.456(d).

We are not the first intermediate court of appeals to address whether the 14-day deadline to request a tow hearing is jurisdictional. In *Manderscheid v. Laz Parking of Texas, LLC*, the First Court of Appeals determined that it was not a jurisdictional deadline. 506 S.W.3d 521, 523–26 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (citing *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 392 (Tex. 2014)).

To reach this conclusion, the First Court of Appeals initially recognized that there is a presumption that the Legislature did not intend to make a statutory requirement jurisdictional. *Id.* at 524. It further recognized that this presumption may only be overcome by clear legislative intent. *Id.* Our sister court then pointed out that the Supreme Court of Texas established in *Crosstex* four factors courts should consider when determining whether a statutory requirement is jurisdictional. *Id.* The *Crosstex* factors are (1) the plain meaning of the statute; (2) the presence or absence of specific consequences for noncompliance; (3) the purpose of the statute; and (4) the consequences that result from each possible interpretation. *Id.* The First Court of Appeals then addressed each of the factors.

With respect to the first two factors, the First Court of Appeals determined that "the Legislature's failure to expressly state that failing to meet the 14-day deadline results in a loss of jurisdiction as opposed to a waiver points toward the conclusion that section 2308.456(a) is not jurisdictional." *Id.* at 525. Turning to the third factor, the Court determined that the purpose of the statute was to create "a quick process by which to adjudicate a protest by a party whose car was" towed

4

or booted and to minimize costs for those whose cars have been towed or booted. *Id.* at 525–26. It then determined that this purpose also supports the conclusion that the statute is not jurisdictional. *Id.* at 526. Finally, the court considered the fourth factor, the consequences of holding that the statute is jurisdictional. *Id.* Here, the Court recognized that if the statute was jurisdictional, a justice court's probable cause determination "would be vulnerable to a collateral attack long after a justice court adjudicated any case in which the car owner failed to timely request the hearing." *Id.* It implicitly recognized that this possibility did not serve the overall purpose of the statute, which was to provide a speedy and relatively inexpensive method to resolve tow disputes. It then concluded that the "14-day deadline in subsection 2308.456 is not jurisdictional." *Id.* We agree with the First Court of Appeals analysis and adopt it here. We hold that the 14-day deadline to request a tow hearing is not jurisdictional. Because the trial court determined otherwise, we conclude that the trial court erred when it dismissed the case for lack of jurisdiction.

We sustain Mortaji's second issue. Because Mortaji's remaining issues are not necessary for the final disposition of the appeal, we do not reach them. *See* Tex. R. App. P. 47.1.

## CONCLUSION

Because the 14-day deadline to request a tow hearing is not jurisdictional, we reverse the trial court's judgment that dismissed the case for want of jurisdiction and remand the case to the trial court for further proceedings.


/s/     Jerry Zimmerer
        Justice


Panel consists of Justices Zimmerer, Spain, and Hassan.